In the Matter of ADIRONDACK LEAGUE CLUB, Appellant, against BOARD OF BLACK RIVER REGULATING DISTRICT et al., Respondents.

In the Matter of ADIRONDACK MOOSE RIVER COMMITTEE, INC., et al., Appellants, against BOARD OF BLACK RIVER REGULATING DISTRICT et al., Respondents.

Argued May 26, 1950; decided July 11, 1950.

*Charles H. Tuttle, Edward Schoeneck, John R. Brook* and *Sanford D. Stockton, Jr.,* for appellant in first above-entitled proceeding. I. The Court of Appeals should direct the making of a final order in accordance with the Stokes Act which became a law on April 20, 1950. (*Robinson* v. *Robins Dry Dock & Repair Co.,* 238 N. Y. 271; *People ex rel. Clark* v. *Gilchrist,* 243 N. Y. 173; *Lane* v. *Johnson,* 283 N. Y. 244; *Bradford* v. *County of Suffolk,* 283 N. Y. 503; *Matter of Boardwalk & Seashore Corp.* v. *Murdock,* 286 N. Y. 494; *Quaker Oats Co.* v. *City of New York,* 295 N. Y. 527; *Matter of Tartaglia* v. *McLaughlin,* 297

N. Y. 419; *Gilpin* v. *Mutual Life Ins. Co. of N. Y.*, 299 N. Y. 253.) II. The validity of the Stokes Act cannot be challenged. (*Schieffelin* v. *Komfort*, 212 N. Y. 520; *People ex rel. Stenstrom* v. *Harnett*, 224 App. Div. 127, 249 N. Y. 606; *Bull* v. *Stichman*, 273 App. Div. 311, 298 N. Y. 516.)

*Curtiss E. Frank, Milo R. Kniffen* and *Lloyd T. Williams, Jr.,* for appellants in second above-entitled proceeding. Where, after judgment and pending an appeal, a law is enacted which determines all of the issues in a case and requires but one disposition thereof, the appellate court must direct such disposition regardless of any decision it might have made under the pre-existing law. (*Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271; *People ex rel. Clark* v. *Gilchrist*, 243 N. Y. 173; *Lane* v. *Johnson*, 283 N. Y. 244; *Bradford* v. *County of Suffolk*, 283 N. Y. 503; *Matter of Boardwalk & Seashore Corp.* v. *Murdock*, 286 N. Y. 494; *Quaker Oats Co.* v. *City of New York*, 295 N. Y. 527; *Matter of Tartaglia* v. *McLaughlin*, 297 N. Y. 419; *Gilpin* v. *Mutual Life Ins. Co. of N. Y.*, 299 N. Y. 253.)

*Daniel Scanlon* and *Loren E. Harter* for respondents. I. Ordinarily the Court of Appeals will dismiss an appeal when the question becomes abstract because of a change in circumstances affecting the case after the decision below. (*Matter of Norton*, 158 N. Y. 130; *Butler* v. *Butler*, 236 N. Y. 642; *People ex rel. Stencil* v. *Hull*, 246 N. Y. 584; *People ex rel. Geer* v. *Common Council of Troy*, 82 N. Y. 575; *Delavan* v. *New York, N. H. & H. R. R. Co.*, 216 N. Y. 359; *Matter of Lyon Co.* v. *Morris*, 261 N. Y. 497.) II. The public importance of this case justifies consideration on the merits, if the Court of Appeals desires to exercise jurisdiction. (*Matter of Gage*, 141 N. Y. 112; *Williams* v. *Montgomery*, 148 N. Y. 519; *Matter of Glenram Wine & Liquor Corp.* v. *O'Connell*, 295 N. Y. 336; *Matter of Lyon Co.* v. *Morris*, 261 N. Y. 497.)

*Timothy F. Cohan* for Oneida County Forest Preserve Council, Inc., and others, *amici curiæ*.

CONWAY, J. These proceedings were commenced by petitioners against the Board of the Black River Regulating District, (hereinafter called Board) to prohibit it from carrying out its proposed plan to take land to construct a reservoir and dam on

the south branch of the Moose River (a tributary of the Black River) in Herkimer County, N. Y. It was estimated that the project would require the condemnation of approximately 3,500 acres of land belonging to the Adirondack League Club, one of the petitioners, and the use of 1,500 acres of State-owned land — part of the Adirondack State Forest Preserve. The petitioners challenged the constitutionality of article 7 of the Conservation Law, under which the Board proposed to act. The Appellate Division decided the issues presented in favor of the Board. The petitioners then appealed as of right to this court on the ground that a constitutional question was involved but before the oral argument, and on April 20, 1950, the so-called Stokes Act (L. 1950, ch. 803) became law. That act, effective immediately, provided: " * * * No reservoirs for the regulation of the flow of streams or for any other purpose except for municipal water supply shall be hereafter constructed in Hamilton or Herkimer counties on the south branch of the Moose river by any river regulating board." Since the reservoir planned by the Board in the instant case, was concededly not " for municipal water supply " and since no construction had actually been commenced, the action on the part of the Legislature effectively and completely disposed of the Board's plan. Accordingly, the petitioners no longer press their appeal to this court. The Board, however, would have this court review the correctness of the Appellate Division's decision in its favor " to the same extent that it would have done if the Stokes Act had not been passed " even though it concedes that the questions decided are now academic and moot.

The Board recognizes that it is the fixed and settled practice of this court not to decide questions which have become abstract because of a change in circumstances affecting the case after the decision below. (*Delavan* v. *New York, N. H. & H. R. R. Co.*, 216 N. Y. 359, 362; *Matter of Lyon Co.* v. *Morris*, 261 N. Y. 497; *Matter of Buffalo Cr. R. R. Co.* v. *City of Buffalo*, 301 N. Y. 595.) It seeks, however, to bring the case within the exception to that rule of practice under which this court on occasion decides questions which, even though moot as between the parties, affect the entire State or transactions of a similar character which are numerous and which are likely to arise with frequency. (*Matter of Lyon Co.* v. *Morris, supra; Matter of Rosenbluth* v. *Finkelstein,*

300 N. Y. 402; *Matter of Glenram Wine & Liquor Corp.,* v. *O'Connell,* 295 N. Y. 336.) We do not think such a showing has here been made.

In the course of its argument before us, the Board suggested that the Stokes Act should be declared unconstitutional. Whether or not the Board has standing to question the constitutional power of its principal to cut down or otherwise restrict its authority or sphere of action as agent (cf. *Barings* v. *Dabney,* 86 U. S. 1; *Cranford Co.* v. *City of New York,* 38 F. 2d 52, 54–55; *Sweeny* v. *State of New York,* 251 N. Y. 417), is a problem which we postpone for later consideration since it is not now before us.

Since dismissal of the appeal would leave in effect the decision of the Appellate Division as a precedent and since we have not passed upon the merits of that decision, the proper practice here is to reverse the order of the Appellate Division and to remit the proceedings to Special Term with directions to dismiss the petitions, not on the merits, but solely upon the ground that the issues are moot. (*Wilmerding* v. *O'Dwyer,* 297 N. Y. 664.)

The orders should be reversed, without costs and the proceedings remitted to Special Term, with directions to dismiss the petitions solely upon the ground that the issues are moot.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Orders reversed, etc.