■ In the Matter of JORDAN CEMETERY ASSOCIATION, INC., Respondent, v. CEMETERY BOARD OF THE STATE OF NEW YORK, Appellant.— In a proceeding, purportedly pursuant to subdivision 3 of section 87 of the Membership Corporations Law, for an order approving the issuance of certificates of indebtedness as consideration for the purchase of cemetery lands, the Cemetery Board appeals from an order of the Supreme Court, Kings County, dated February 9, 1962, which determined after a hearing (see 33 Misc 2d 274) that the purchase price of $1,000,000 in cash was fair and reasonable and which also determined that if payment was to be made by certificates of indebtedness the fair and reasonable market value of the property was $8,000,000. Order reversed, without costs, and petition dismissed, without costs, solely upon the ground that the issues have become moot (cf. *Matter of Adirondack League Club* v. *Board of Black Riv. Regulating Dist.*, 301 N. Y. 219, 223). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ FRANCIS X. ISABELLA, an Infant, by YOLANDA ISABELLA, His Guardian ad Litem, Appellant, v. STELLA ISABELLA et al., Respondents, et al., Defendants. —In a negligence action to recover damages for personal injury sustained by the infant plaintiff while he was residing with the defendants Stella Isabella and Mario Isabella (who are husband and wife) for the purpose of their prospective legal adoption of him as their child— such adoption having been consummated less than five months after the accident and a few months prior to commencement of the action, the plaintiff appeals from an order of the Supreme Court, Queens County, dated October 26, 1962, which denied his motion made pursuant to rules 103, 109, 113 and 114 of the Rules of Civil Practice: (1) to strike out said defendants' "complete and special" defense to the effect that at the time of the accident they stood *in loco parentis* to the plaintiff and, consequently, he was an unemancipated infant who lacked the legal capacity to sue them; and (2) for summary judgment in his favor against the said defendants Isabella. Order affirmed, without costs. No opinion. Christ, Brennan and Rabin, JJ., concur; Ughetta, Acting P. J., and Hill, J., concur as to the denial of summary judgment under rule 113, but dissent as to the denial under rules 103 and 109— to strike out the defense as insufficient, and vote to reverse the order in this respect and to grant the motion to strike out the defense pursuant to rules 103 and 109, with the following memorandum: Plaintiff, an infant, was injured in an automobile collision while he was a guest passenger in an automobile operated by the defendant Stella Isabella and owned by her husband, the defendant Mario Isabella. It is established (by failure to deny averments in the moving affidavit) that when the said defendants took the infant plaintiff from the Angel Guardian Home in 1961 the Home retained authority over the person of the plaintiff; that the placement of the infant with the said defendants was on a trial basis; and that the care of the infant by said defendants was subject to the Home's instructions and to the terms and conditions imposed by it. Such undefined status of the infant, but with the Home reserving unto itself the absolute dominion and control over him, obtained as of the time of the accident. Obviously, during this trial or probationary period, in view of such reservation of control by the Home, there was not— indeed there could not be— either a *de facto* or a *de jure* parent-and-child relationship between said defendants and the infant. In the absence of such a relationship *at the time of the accident* the asserted defense must fail.