■ In the Matter of CITY OF SCHENECTADY, Respondent, v. NEW YORK STATE OFF-TRACK PARI-MUTUEL BETTING COMMISSION, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered in Albany County, in a proceeding under CPLR article 78 which ordered the appellant to make a determination upon the application of the City of Schenectady for approval of a plan of operation for off-track betting. It is agreed by the parties that the plan for off-track betting submitted December 7, 1971 to appellant by respondent and which has not yet been approved or disapproved by the appellant is invalid in view of the amendment to the New York State Off-Track Pari-Mutuel Betting Law enacted by chapter 533 of the Laws of 1972. That being so, Special Term's order has become moot and should be reversed and the proceeding dismissed. (See *Matter of Adirondack League Club* v. *Board of Black Riv. Regulating Dist.*, 301 N. Y. 219; *Wilmerding* v. *O'Dwyer*, 297 N. Y. 664.) Judgment reversed, on the law, and petition dismissed on the ground that the issue is moot, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.

■ In the Matter of JOSHALINE BRANDON et al., Petitioners, v. JOHN T. CASEY, as Justice of the Supreme Court, Respondent.— Proceeding pursuant to CPLR article 78 (instituted in the Appellate Division of the Supreme Court in the Third Judicial Department) to review orders of criminal contempt against petitioners and to vacate the sentences imposed thereon. Petitioners were subpoenaed as prospective witnesses before a Schoharie County Grand Jury investigating certain disturbances which occurred on the campus of the State University at Cobleskill. All refused to testify. They had served six days of their respective sentences when a stay was obtained and they were released pending the determination of this appeal. The record clearly demonstrates that Supreme Court Justice Casey properly adjudged petitioners guilty of contempt, and that the sentences imposed were justified. We find no violation of the petitioners' rights to due process or equal protection under the Federal or State Constitutions and we decide no other issues. Considering all of the circumstances and particularly the time at which this proceeding comes to us, we conclude, however, that the sentences should be reduced in each case to the time already served, rather than reincarcerate the petitioners. Orders modified to the extent of reducing the sentence in each case to the time already served, and, as so modified, affirmed. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.