Breitel, J.
(dissenting). I would not dismiss the appeal or action as moot. The issue is a continuing one, of great public concern, crucial to the tenants involved, and of substantial concern to affected landlords. Moreover, nothing that has happened since last June has made the issue moot; indeed the intervening events have given the issue greater significance. Apart from this court’s considered determination last June to entertain the controversy despite the shifting legislation upon which it turned, to avoid now the issue for mootness is contrary to this court’s practice to determine issues of continuing public interest regardless of technical mootness (see, e.g., Matter of Gold v. Lomenzo, 29 N Y 2d 468, 475-476; Matter of Bell v. Waterfront Comm., 20 N Y 2d 54, 61; East Meadow Community Concerts Assn. v. Board of Educ., 18 N Y 2d 129, 135; Matter of Plumbing Assn. v. Thruway Auth., 5 N Y 2d 420,422, n. 1; Matter of Adirondack *335 League Club v. Black Riv. Regulating Dist., 301 N. Y. 219, 222-223; Cohen and Karger, Powers of the New York Court of Appeals, pp. 420-421; and see, especially, Matter of Concord Realty Co. v. City of New York, 30 N Y 2d 308, directly concerning rent controls in the City of New York, in which earlier language of this court was quoted that an appeal should not be dismissed as academic ‘[1] when the underlying questions are of general interest, substantial public importance and likely to arise with frequency ” [30 N Y 2d, at pp. 312-313]). The vacillation by the City of New York in meeting the substantive issue legislatively and fiscally deserves no imitation. As- for the requirement that the issue be likely to recur, the requirement is exceeded in this instance. Here the issue continues in unbroken sequence — the affected landlords continue to subsidize the rent exemptions — while their litigation would be mooted because the city juggles successive local laws, each more or less invalid. This is a unique and stronger factor than that in the cases in which the court has refused to declare a controversy moot.
On the merits, I assume, but with newly-emphasized doubts, that this court was correct in sustaining the city’s initial legislation abating maximum rents otherwise applicable to housing accommodations rented to certain elderly tenants at the expense of their landlords for the period of a temporary emergency (Parrino v. Lindsay, 29 N Y 2d 30, 34, n. 2). However that may be, the State Legislature had previously barred the city from enacting rent controls “ more stringent or restrictive ” than provisions ‘[1] presently in effect” (L. 1971, ch. 372). It is beyond serious dispute at this stage of the litigation that Local Law No. 7 of 1972, which extended the earlier exemptions provided by Local Law No. 31 of 1970 is void because more stringent and restrictive within the meaning of the State statute. Indeed the State Legislature endeavored to come to the rescue of the city, and its elderly tenants of restricted income, by enacting chapter 689 of the Laws of 1972. The 1972 statute permitted the city to continue its complicated and indirect subsidy to elderly tenants of restricted income, but only if affected landlords would receive full reimbursement by way of tax abatements. Instead, the city, by a series of amendments to a proposed local bill, designed to meet the requirements of the State *336 statute, has still fallen short of shifting the burden of the subsidy from the landlords to the city. In consequence, even if that bill, now pending before the Mayor, were to take effect, it would still be void. It would still place, albeit to a lesser degree, the burden of the subsidy on an invidiously selected class, the landlords of elderly tenants of restricted income. In the face of this development the resort to dismissal for mootness continues the very condition this litigation attácked. The court, however, gives the city another victory, with mordant criticism it is true.
Consequently, I would retain jurisdiction of the controversy, reverse the order of the Appellate Division, declare, relevant local laws invalid, and remit the case to the Supreme Court for further proceedings. In order not to wreak a new wfong on the elderly tenants and to provide time for the city, and perhaps the State Legislature, to take appropriate corrective action, I would stay the execution of the judgment to be rendered for 90 days.
Accordingly, I dissent and vote to reverse the order of the Appellate Division.
Judges Burke, Bergan and G-ibson conctir with Chief Judge Fuld ; Judge Breitel dissents and votes to reverse on the merits in a separate opinion in which Judges Scileppi and Jasen concur.
Order reversed, etc.