OPINION OF THE COURT
Memorandum.
It is the settled practice of this court not to decide questions rendered academic by a change in circumstances subsequent to a determination of a court below. (Town of Greenburgh v Board of Supervisors of Westchester County, 23 NY2d 732.) Since the contested position of supervisor of personnel with respondent board of education has been lawfully abolished, there is no longer a justiciable controversy before us. To assert that grievant Sodaro might be entitled to backpay if this appeal were to be decided favorably to appellant Buffalo Council of Supervisors and Administrators (BCSA) and the case referred back to arbitration does not warrant our consideration of this purely hypothetical question.
While we have on occasion decided questions which, even though moot as between the parties, affect the entire State, or where the issue is likely to arise with frequency, no such showing has been made here. (Matter of Adirondack League Club v Board of Black Riv. Regulating Dist., 301 NY 219.)
Although the Appellate Division properly held the case moot, it nevertheless reached issues, the consideration of which was precluded because of mootness. Accordingly, the order of the Appellate Division should be reversed and the case remitted to Special Term, Erie County, to dismiss the proceeding as moot.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, without costs, and the matter remitted to *829 Supreme Court, Erie County, with directions to dismiss the proceeding as moot, in a memorandum.