In the Matter of EAST SUNNYSIDE CIVIC ASSOCIATION OF IRVINGTON et al., Appellants, v ROBERT C. REISMAN et al., Constituting the Board of Trustees of the Village of Irvington, et al., Respondents. (Proceeding No. 1.) In the Matter of ANTHONY F. VETERAN et al., Appellants, v ROBERT H. REISMAN et al., Constituting the Board of Trustees of the Village of Irvington, et al., Respondents. (Proceeding No. 2.)—In two proceedings pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Village of Irvington approving a final subdivision plat of respondent Baker-Firestone, Inc., petitioners in each proceeding appeal from a judgment of the Supreme Court, Westchester County, entered October 27, 1977, which denied their respective applications. Judgment modified, on the law, by adding the following after the provision denying the petitioners' applications, "on the ground that the issues are moot". As so modified, judgment affirmed, without costs or disbursements. Respondent Baker-Firestone, Inc., did not file the approved plat in the office of the county clerk within the time provided by statute (see Village Law, § 7-728, subds 6, 7). Accordingly, the approval has lapsed. Under these circumstances, the applications of the petitioners must be dismissed, not on the merits, but on the ground that the issues are moot (see Matter of Adirondack League Club v Board of Black Riv. Regulating Dist., 301 NY 219; Matter of Jordan

*Cemetery Assn. v Cemetery Bd. of State of N. Y.,* 19 AD2d 540). Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.