274

In the Matter of ANDREW J. SPANO, in His Capacity as Clerk of the County of Westchester, Appellant-Respondent, v ANDREW O'ROURKE, in His Capacity as County Executive of the County of Westchester, et al., Respondents-Appellants, and DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Respondent.

Second Department, April 25, 1983

APPEARANCES OF COUNSEL

*Robert David Goodstein* for appellant-respondent.

*Samuel S. Yasgur, County Attorney* (*Lester D. Steinman* and *Kenneth E. Powell* of counsel), for respondents-appellants.

*Robert Abrams, Attorney-General* (*John M. Farrar* and *Richard G. Liskov* of counsel), for respondent.

OPINION OF THE COURT

*Per Curiam.*

The regulation of motor vehicles in New York has always been a State function. Beginning in the early 1900's with the requirements for the registration of all motor vehicles (L 1901, ch 531) and the licensing of "[e]very person desiring to operate an automobile as mechanic, employee, or for hire" (L 1903, ch 625, § 2), responsibility for administration was placed in the hands of the Secretary of State. In 1921, the registration and licensing functions were transferred to the State Tax Commission, which was authorized to delegate its authority to a "director of the motor vehicle bureau" (L 1921, ch 580, § 16). At the same time, the Legislature designated all of the county clerks in the State (with the exception of those in Albany County and counties wholly included within a city) as agents of the State Tax Commission in the issuance of registrations and licenses (L 1921, ch 580, § 4). In 1960, the State Department of Motor Vehicles was created to administer the Vehicle and Traffic Law beginning on January 1, 1961 (L 1960, ch 464; see, generally, Wise, The History of the Vehicle and Traffic Law, McKinney's Cons Laws of NY, Book 62A, Vehicle and Traffic Law, pp XI-XXIV). With the exception of the Counties of Albany, Suffolk, Bronx, Kings, Queens, Richmond and New York, the county clerks today still continue to function as agents of the State Commissioner of Motor Vehicles in the area of motor vehicle registration and licensing (Vehicle and Traffic Law, § 205, subd 1).

The instant litigation arises out of the State take-over of motor vehicle offices in Westchester County on April 1, 1983. Due to the conceded inadequacy of the statutory schedule of fees to be retained by the county clerk and deposited into the county treasury to finance the operation of the county's motor vehicle offices, Westchester County had been subsidizing their operation for decades. In November, 1982, the then County Executive publicly proposed that Westchester County cease its subsidy and turn over the full cost and responsibility for the county motor vehicle offices to the State. In point of fact, the State was

already supplementing the county clerk's efforts: two of the three county motor vehicle offices were actually facilities shared with the State Department of Motor Vehicles, with the county clerk processing license renewals and registration transactions and the State Department of Motor Vehicles handling the same transactions, as well as additional tasks such as the issuance of original licenses and license suspensions and revocations. After extensive negotiations, the State agreed to fill the gap caused by the county's desired withdrawal. Thus, the 1983 county budget, adopted on December 23, 1982, included sufficient funds to operate the motor vehicle offices only through March 31, 1983, and the 1983-1984 State budget adopted by the Legislature and approved by the Governor in late March, 1983, contained a $2,910,000 appropriation for the expenses involved in the take-over of the Westchester and Onondaga County office workloads (L 1983, ch 15).

The transfer was effected, as planned, on April 1, 1983. The State expanded its service at the Yonkers and White Plains offices and commenced operations at a relocated office in Peekskill, staffing those offices with newly hired personnel, transferees from State offices in New York City and a number of former permanent employees of the county. The remainder of the county employees who staffed the county motor vehicle offices prior to April 1, 1983, were transferred to other county departments.

The instant proceeding was commenced on March 29, 1983, by petitioner, the newly elected County Clerk of Westchester County, to prevent the State take-over of the motor vehicle office operations previously handled by the county clerk. By judgment dated March 31, 1983, the Supreme Court, Westchester County, denied the requested substantive relief in the nature of mandamus and prohibition.

Subdivision 1 of section 205 of the Vehicle and Traffic Law states: "§ 205. County clerks as agents of the commissioner; fees. 1. The clerk of each county, except the counties of Albany, Suffolk, Bronx, Kings, Queens, Richmond and New York, shall act as the agent of the commissioner in the registration of motor vehicles, motor cycles, and when directed by the commissioner snowmobiles and motorboats

and in the issuance of certificates thereof and number plates therefor, except in the case of omnibuses, in receiving documents relating to certificates of title, and unless and until the commissioner shall otherwise direct in any county, in the issuance of chauffeurs' and operators' licenses upon the certification of inspectors. Each such agent shall remit to the commissioner all fees collected by him for registrations, licenses and transfers or relating to certificates of title, except as hereinafter provided, together with a complete record of such registrations and licenses issued and transfers made by him, in accordance with the procedure prescribed by the commissioner, and with all documents relating to certificates of title received by him and such record thereof as the commissioner prescribes."

A clear reading of the foregoing provisions of subdivision 1 of section 205 indicates that the agency relationship therein created between county clerks (other than in those counties specifically exempted) and the State Commissioner of Motor Vehicles as to the registration of motor vehicles and motorcycles is a mandatory one, which cannot be abrogated except by another act of the Legislature amending the statute (1978 Opns Atty Gen 127, 128). Where a discretionary agency is intended, it is expressly so stated, as in the case of registration of snowmobiles and motorboats (Vehicle and Traffic Law, § 205, subd 1). The commissioner has also otherwise been granted the discretion to deputize any person to act for him in the issuance or renewal of licenses, registrations and number plates (Vehicle and Traffic Law, § 206). Furthermore, the parties have interpreted the statutory agency created by subdivision 1 of section 205 of the Vehicle and Traffic Law to be a mandatory one. Thus, the Legislature formally amended the statute to terminate the agency relationship with the County Clerks of Bronx and Richmond Counties in 1961 (L 1961, ch 627), and Suffolk County in 1982 (L 1982, ch 511), when the State took over the full financing and operation of those offices.

Recognizing that substantial operating deficits and practical difficulties were increasingly causing counties to consider withdrawing as agents of the commissioner and that the need, under the existing provisions of subdivision 1 of

section 205, for specific legislation for each county desiring withdrawal might result in unnecessary delay, the State Department of Motor Vehicles has recently recommended passage of a bill amending subdivision 1 of section 205 to make county clerks, other than those specifically exempted, agents of the commissioner on a discretionary basis. No action has yet been taken on this proposal. Similarly, the Westchester County Board of Legislators has adopted a resolution urging amendment of subdivision 1 of section 205 to exempt the Westchester County Clerk from the mandatory agency relationship. Nevertheless, since the Legislature has not yet acted to exempt Westchester County from the mandatory agency relationship created by subdivision 1 of section 205 between its county clerk and the State Commissioner of Motor Vehicles, petitioner's status as such statutory agent continues, and he is entitled to a judgment prohibiting the respondent State Department of Motor Vehicles from any attempt at unilateral abrogation of such relationship.

Petitioner's continuing status as the commissioner's statutory agent does not, however, require that the State's assumption of the full costs and workload of the county motor vehicle offices be prohibited or undone. As previously noted, administration and enforcement of the Vehicle and Traffic Law is a State function, the ultimate responsibility for which rests with the commissioner. Although Westchester County has not been statutorily exempted from the ambit of subdivision 1 of section 205 of the Vehicle and Traffic Law, a fair reading of the entire section, and especially subdivision 4 thereof, reveals that the county cannot be forced to subsidize the operation of county motor vehicle offices, even where retained fees are inadequate to maintain the minimum staffing levels necessary for proper performance of the mandated duties. Indeed, in fiscal year 1982, the State found it necessary to supplement the funding of the Westchester County Clerk's efforts at providing mandated services, despite a subsidy by Westchester County in excess of $1,000,000.

Obviously then, where a county clerk, as agent of the Commissioner of Motor Vehicles, cannot properly fulfill his responsibilities due to the permissible withdrawal of sup-

plemental funding by the county, the commissioner may properly step in and directly provide the facilities and personnel necessary to maintain proper service to the public. The cost would be borne by the State, as in the case at bar, through legislative appropriations and agreement by the county to remit to the State those fees it would otherwise be authorized to retain to finance county motor vehicle office operations. The county clerk would then continue as the commissioner's statutory agent, but he would be supervising a staff of State rather than county employees. We recognize that such an arrangement may seem superficially anomolous and that timely amendment of subdivision 1 of section 205 is the better solution. Still, there is no discernible reason why a county clerk cannot carry out his mandatory duties with a staff of State employees. Heretofore, prior to April 1, 1983, the County Clerk of Westchester County, acting as the commissioner's agent, was acting as a State officer, performing a State function (cf. *Olmsted v Meahl*, 219 NY 270). Hence, his authority is sufficiently established to enable him to carry out his supervisory responsibilities. Indeed, petitioner's dual posture as an elected county officer who nevertheless becomes a State officer when acting as agent of the Commissioner of Motor Vehicles is not unlike the well-established and successfully executed dual role assumed by him when acting as clerk of the Supreme Court, in which capacity he is also a State officer (*Olmsted v Meahl, supra*). Finally, we believe that the public interest, the legitimate concerns of the State and the county, and the intent of the Legislature, as represented by its budgetary approval of the instant take-over, are best satisfied by allowing the commissioner to assume direct responsibility for the provision of all motor vehicle services in Westchester County, with the county clerk acting as his onsite supervisor unless and until legislatively exempted from the ambit of subdivision 1 of section 205.

Under all the circumstances of this case, we also find that petitioner was not guilty of laches and was properly awarded a counsel fee against the county.

Accordingly, the judgment appealed from should be modified so as to prohibit the State Department of Motor

Vehicles from abrogating the agency relationship between itself and petitioner created by subdivision 1 of section 205 of the Vehicle and Traffic Law unless and until said subdivision is amended to exclude the County Clerk of Westchester County from its ambit, and as so modified the judgment should be affirmed insofar as appealed from.

MOLLEN, P. J., MANGANO, BRACKEN, RUBIN and BOYERS, JJ., concur.

Judgment modified, on the law, so as to prohibit the State Department of Motor Vehicles from abrogating the agency relationship between itself and petitioner created by subdivision 1 of section 205 of the Vehicle and Traffic Law unless and until said subdivision is amended to exclude the County Clerk of Westchester County from its ambit. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements.