OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the case remitted to Supreme Court with directions to dismiss the action as moot.
On June 6, 1983, the Governor signed the bill enacting chapter 281 of the Laws of 1983. That enactment, effective immediately, amended subdivision 1 of section 205 of the Vehicle and Traffic Law to add Westchester County to the list of counties expressly excepted from the provisions of that subdivision. This amendment removed the last predicate for the arguments mounted by the county clerk and left no doubt as to the legal effectiveness for all purposes of the transfer from the County of Westchester to the State Department of Motor Vehicles of authority and responsibility for provision of motor vehicle services in that county. It is precisely the statutory amendment contemplated by the Appellate Division (93 AD2d 274). Accordingly, the dispute between the parties is now moot (cf. Sedita v Board of Educ., 43 NY2d 827; Matter of Adirondack League Club v Board of Black Riv. Regulating Dist., 301 NY 219).
The county clerk’s assertion that chapter 281 of the Laws of 1983 cannot take effect until approved in a referendum as required by section 1 (subd [h], par [1]) of article IX of the New York State Constitution is without merit. The enactment of chapter 281 did not constitute an amendment of the Westchester County Charter or Administrative Code. Specifically, there was no amendment of section 265.01 of the Administrative Code, which provides: “The County Clerk shall have all the powers conferred and duties imposed on him by law as well as all the powers conferred and duties imposed on the County Register prior to January 1,1938.” The county clerk still has the “powers conferred and duties imposed on him by law.” It is true that the substance of those duties is changed in consequence of the enactment of chapter 281. What is determinative, however, is that that substantive change was accomplished *950 not by amendment of the wording of section 265.01, but by amendment of State law, namely, subdivision 1 of section 205 of the Vehicle and Traffic Law.
Moreover, as a matter of substance chapter 281 did not affect the functions or duties of the county clerk as a county officer. It affected only the activities which the county clerk had previously performed as agent of the Commissioner of Motor Vehicles (cf. Olmsted v Meahl, 219 NY 270). Nor is there any violation of home rule principles. Chapter 281, amending a State statute, deals with a matter of State concern and therefore, although it affects local concerns, does not implicate local government home rule powers (Matter of Kelley v McGee, 57 NY2d 522, 538).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur in memorandum.
Order reversed, etc.