(May 16, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURIE LICHTEL, Appellant. [642 NYS2d 736] —Mikoll, J. P. Appeals (1) from a judgment of the County Court of Columbia

County (Leaman, J.), rendered April 1, 1994, convicting defendant upon her plea of guilty of the crimes of manslaughter in the second degree, vehicular manslaughter in the second degree, criminally negligent homicide and operating a motor vehicle while under the influence of alcohol (two counts), and (2) by permission, from an order of said court, entered August 1, 1995, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In the early morning hours of August 26, 1993, defendant was driving her motor vehicle in the Town of Ghent, Columbia County, when she struck and killed a 14-year-old boy. Subsequent blood tests disclosed that defendant's blood alcohol level was .26%. In February 1994, defendant entered into a plea bargain agreement pursuant to which she agreed to plead guilty to all five counts of the indictment, i.e., manslaughter in the second degree, vehicular manslaughter in the second degree, criminally negligent homicide and two counts of driving while intoxicated, in exchange for which she would be sentenced to concurrent prison terms not to exceed an aggregate of 1 to 15 years. A judgment of conviction was entered based on defendant's guilty plea and she was sentenced to the prison term agreed upon.

When defendant applied for parole after serving the minimum one-year sentence, her application was denied. Defendant's subsequent motion to vacate the judgment of conviction, pursuant to CPL 440.10, was also denied. Defendant appeals from both the judgment of conviction and from the order denying her CPL 440.10 motion.

Defendant contends that she was induced to plead guilty to all counts of the indictment by the prosecution's false representations that no opposition to her application for parole would be made by anyone including the District Attorney, the County Judge or the victim's family. Instead, 11 days after defendant was sentenced, the District Attorney sent a letter to the Parole Board stating that defendant's release on parole "would result in great injustice and I strongly recommend against her release".

Disputed off-the-record promises cannot be used to contradict the terms of plea bargains expressed upon the record (*see, People v Selikoff*, 35 NY2d 227, 244, *cert denied* 419 US 1122). In this matter, defendant's assertions regarding promises made by the District Attorney are unsupported by the record. There is no mention of such an agreement in the transcript of the plea hearing or even in an affidavit submitted by defense counsel in support of defendant's CPL 440.10 motion. If such

an off-the-record plea agreement was reached, it was incumbent upon defense counsel to have articulated it in the clearest possible terms at the plea hearing (*see*, *People v Huertas*, 203 AD2d 952, 953, *affd* 85 NY2d 898). In the absence of any support in the record for the contention that the terms of defendant's plea bargain were violated, we find no ground for the vacatur of the judgment of conviction (*see*, *People v Martin*, 215 AD2d 942).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and order are affirmed.