■ In the Matter of SUZANNE M. FINKELSTEIN, Respondent, v NEW YORK STATE BOARD OF LAW EXAMINERS et al., Appellants. [660 NYS2d 95] —Mercure, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered March 1, 1996 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent State Board of Law Examiners denying petitioner a passing grade on the July 1995 bar examination.

Petitioner was one of over 8,000 applicants who took the July 1995 bar examination. The passing grade on the examination was a total weighted score of 660 out of a possible 1,000. Following the initial grading of petitioner's examination, she received a score of 650. Pursuant to 22 NYCRR 6000.7 (c),[1] petitioner's score placed her within (but at the very bottom) of the class of applicants whose six essay answers were subject to automatic regrading. Unfortunately, petitioner's was one of a reported 600 answers to essay question No. 5 that were lost following initial grading, rendering the regrading of that answer an impossibility. In an effort to achieve an equitable result, and upon the recommendation of a national testing expert, respondent State Board of Law Examiners (hereinafter respondent) determined that petitioner and 30 other similarly situated candidates should be given a regraded score on essay No. 5 equal to four points higher[2] than the initial score (which in petitioner's case had been two points out of a possible 10), thus raising petitioner's regraded score to six. Unfortunately, even after regrading, petitioner did not achieve a passing score on the examination.

---

1. 22 NYCRR 6000.7 (c) Provides: "Applicants who receive a total weighted scale score of 650 through 669 following the initial grading of their bar examination papers shall have their essay answers regraded by graders other than the initial graders. The initial scores and the scores resulting from regrading shall be averaged to determine the applicant's final scale score for each essay answer. The applicant's scores shall then be recombined to arrive at a final total weighted examination score."

2. The four-point enhancement represented the largest increase given any of the 613 answers to essay question No. 5 that were available for regrading.

Petitioner then commenced this CPLR article 78 proceeding challenging as arbitrary and capricious respondent's regrading procedure and seeking annulment of respondent's determination that she had failed to pass the bar examination. Supreme Court granted the petition and respondent appealed. During the pendency of the appeal, petitioner retook the bar examination; she achieved a passing score and has been admitted to the New York bar. Petitioner and respondent agree that petitioner's admission to the bar has rendered the controversy moot. In addition, we agree with respondent that the proceeding does not qualify as an exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). No persuasive argument has been made that the matter is of far-reaching importance, that the issue is likely to recur and, should it recur, that it is likely to escape review (*see, id.; Matter of Duban v State Bd. of Law Examiners*, 157 AD2d 946, 947, *lv dismissed* 75 NY2d 945). In that connection, we note that, of the applicants taking the July 1995 bar examination, only 31 fell within the affected class and, of those, petitioner was one of only two applicants who failed the examination. In addition, had petitioner not taken and passed the bar examination at the very next opportunity, she would have been successful in obtaining review.

Further, in view of the fact that petitioner's admission to the New York bar moots her entire claim *ab initio* and we have no occasion to pass on the merits of Supreme Court's determination, we agree with respondent that the preferable course here is to " 'erase the whole case from the books' " (*Matter of Park E. Corp. v Whalen*, 43 NY2d 735, 736, quoting Cohen and Karger, Powers of the New York Court of Appeals, at 420 [rev ed]) by vacating Supreme Court's judgment and dismissing the petition solely upon the ground that the issues have become moot (*see, Matter of Adirondack League Club v Board of Black Riv. Regulating Dist.*, 301 NY 219, 223; *Wilmerding v O'Dwyer*, 297 NY 664, 665; *see also, Matter of Gold-Greenberger v Human Resources Admin.*, 77 NY2d 973, 974; *Matter of Spano v O'Rourke*, 59 NY2d 946, 949; *Matter of Hearst Corp. v Clyne, supra,* at 718; *Matter of Park E. Corp. v Whalen, supra; Matter of DIP Pharmacy v Perales*, 211 AD2d 790 [2d Dept]; *Stutz v 15 W. 72nd St. Assocs.*, 75 AD2d 773, 774 [1st Dept]; *Matter of Schieder v Moore*, 45 AD2d 985, 986 [4th Dept]; *Matter of Jordan Cemetery Assn. v Cemetery Bd.*, 19 AD2d 540 [2d Dept]). "[C]ommonly utilized * * * to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences" (*United States v Munsingwear, Inc.*, 340 US 36, 41), "[t]hat procedure * * * eliminates a judgment, review of which

was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved [and] none is prejudiced" (id., at 40).

Cardona, P. J., White and Carpinello, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs, judgment vacated and petition dismissed.