■ In the Matter of SARBRO IX, Doing Business as SHELDON HALL ASSOCIATES, et al., Respondents, v JAMES C. McGOWAN, as Commissioner of Labor, Appellant. [706 NYS2d 244] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered October 7, 1998 in Broome County, which, *inter alia,* granted petitioners' application, in a proceeding pursuant to CPLR article 78, to vacate notices to withhold payment issued by respondent.

In July 1985, petitioner Sarbro IX contracted with the State for the conversion of Sheldon Hall on the campus of the State University of New York at Oswego in Oswego County into a hotel and conference center and subsequent operation of the facility under a 40-year lease. In 1988, a dispute arose as to whether the job was a public work project subject to the prevailing wage requirement of Labor Law § 220. Ultimately, the controversy was settled with a $30,000 payment and agreement by Sarbro IX and petitioner Sarkisian Brothers, Inc., the general construction contractor on the project, that all remaining work would be subject to the applicable prevailing wage rate schedule. Thereafter, Sarbro IX brought two claims against the State seeking damages for breach of the Sheldon Hall lease agreement. The actions were settled for $2.6 million, which the State agreed to pay to Sarbro IX. The State paid only $2,275,000, however, withholding the $325,000 balance in accordance with notices issued by the Department of Labor for prevailing wage rate deficiencies on the project. Petitioners then brought this proceeding in Supreme Court to annul the Department of Labor's notices. Supreme Court granted the petition and vacated the notices to withhold payment. Respondent appeals.

The parties are in complete agreement that the State has paid the $325,000 balance due Sarbro IX, that the appeal has been thereby rendered moot and that the exception to the mootness doctrine does not apply. Their only disagreement is whether the appeal should simply be dismissed, as contended by petitioners, or whether we should also vacate Supreme Court's judgment, as urged by respondent. We agree with petitioners.

Because "the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713; *see, Self-Insurers' Assn. v State Indus. Commn.*, 224 NY 13, 16), it is the general policy of the courts of this State to simply dismiss an appeal that has been rendered moot (*see, Matter of Ruskin v Safir*, 257 AD2d 268, 271). Occasionally, however, courts have also vacated the order appealed as a matter of discretion (*see, e.g., Matter of Finkelstein v New York State Bd. of Law Examiners*, 241 AD2d 728). In our view, this is not an appropriate case for vacatur. First, by having the funds at issue released by the Comptroller, respondent has unilaterally rendered this matter moot, precluding this Court from reviewing it (*see, U.S. Bancorp Mtge. Co. v Bonner Mall Partnership*, 513 US 18, 25; *Matter of Ruskin v Safir, supra,* at 273-274). Second, there has not been any persuasive showing by respondent that Supreme Court's judgment will engender adverse legal consequences or precedent (*cf., Matter of Hearst Corp. v Clyne, supra,* at 718; *Matter of Finkelstein v New York State Bd. of Law Examiners, supra,* at 729-730). In these circumstances, we are not inclined to deviate from the general policy of simply dismissing the appeal in cases that have been rendered moot.

Crew III, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.