■ In the Matter of Laurie Lichtel, Respondent, v Brion D. Travis, as Chair of the New York State Division of Parole, et al., Appellants. [731 NYS2d 533] —Cardona, P. J. Appeals (1) from a judgment of the Supreme Court (Connor, J.), entered April 21, 2000 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Parole denying petitioner parole release, and (2) from an order of said court, entered January 26, 2001 in Albany County, which, upon reconsideration, denied respondents' motion to vacate the prior judgment.

In 1994, petitioner pleaded guilty to manslaughter in the second degree, vehicular manslaughter in the second degree, criminally negligent homicide and two counts of driving while intoxicated, and was sentenced to an aggregate prison term of 1 to 15 years (*People v Lichtel*, 227 AD2d 791, 792, *lv denied* 88 NY2d 988). Following three unsuccessful requests for parole release, petitioner reappeared before respondent Board of Parole in December 1998 and again parole was denied. That determination was affirmed on administrative appeal and petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination.

In April 2000, after concluding, *inter alia*, that the Board's

determination "was arbitrary, capricious and without a rational basis," Supreme Court granted the petition and ordered petitioner's immediate release from custody. After respondents filed a notice of appeal, the parties agreed that petitioner would receive a new parole hearing in exchange for her promise not to move to vacate the automatic stay that CPLR 5519 (a) (1) placed upon Supreme Court's April 2000 judgment. Following the parole hearing on May 17, 2000, petitioner was paroled in June 2000. Respondents' subsequent motion to vacate Supreme Court's April 2000 judgment was denied and respondents also appeal from that order.

Initially, we note that there is no dispute that respondents' appeals should be dismissed as moot because the Board granted parole to petitioner (*see, Matter of Cummings v Regan,* 36 NY2d 969; *Matter of Heyward v Hammock,* 70 AD2d 719) and there is no claim that this proceeding qualifies as an exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707). Instead, the parties disagree as to whether, as urged by respondents, this Court should exercise its discretion and vacate the underlying judgment notwithstanding the mootness of the appeal therefrom.

Under the circumstances herein, the relief requested by respondents is granted. While there is no question that "it is the general policy of the courts of this State to simply dismiss an appeal that has been rendered moot * * *, [o]ccasionally, however, courts have also vacated the order appealed as a matter of discretion * * * [in order to prevent the order from] engender[ing] adverse legal consequences or precedent" (*Matter of Sarbro IX v McGowan,* 271 AD2d 829, 830 [citations omitted]; *see, e.g., Matter of Ruskin v Safir,* 257 AD2d 268; *Matter of Finkelstein v New York State Bd. of Law Examiners,* 241 AD2d 728). Here, respondents have made a sufficient showing that the judgment may "engender adverse legal consequences" (*Matter of Sarbro IX v McGowan, supra,* at 830) by standing as precedent for inmates seeking immediate release from custody following adverse determinations by the Board. Notably, the appropriate remedy when a prisoner successfully challenges the denial of an application for parole is remittal for a new hearing (*see, Matter of King v New York State Div. of Parole,* 190 AD2d 423, 435, *affd* 83 NY2d 788; *see also, Matter of Quartararo v New York State Div. of Parole,* 224 AD2d 266, *lv denied* 88 NY2d 805; *Matter of Rentz v Herbert,* 206 AD2d 944, 944-945, *lv denied* 84 NY2d 810; *see generally, People ex rel. Talley v Executive Dept., N. Y. State Div. of Parole,* 232 AD2d 798). Accordingly, this presents the rare instance where,

in order to, *inter alia*, avoid unnecessary confusion, this Court will intervene and vacate the underlying judgment (*see, Matter of Finkelstein v New York State Bd. of Law Examiners, supra,* at 729).

Mercure, Crew III, Peters and Lahtinen, JJ., concur. Ordered that the appeals are dismissed, as moot, without costs, judgment vacated and petition dismissed.