■ In the Matter of PAUL MARINACCIO, SR., et al., Respondents, v JOSEPH H. BOARDMAN, as Commissioner of Transportation, et al., Appellants. [755 NYS2d 346] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered May 28, 2002 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Transportation restricting the participation of petitioner Paul Marinaccio, Sr. in certain Department of Transportation projects.

In August 2001, the Department of Transportation (hereinafter DOT) terminated the work of a construction company on an unfinished project on Military Road in Niagara County. Kemper Surety, which had issued a performance bond on the contract, proposed petitioner Midway Enterprises, Inc. to complete the project. Because of prior serious problems with one of Midway's principals, petitioner Paul Marinaccio, Sr., DOT conditioned its acceptance of Midway on certain restrictions, including precluding Marinaccio from visiting the work site. DOT allegedly imposed similar restrictions when another contractor sought approval of Midway as a subcontractor on a DOT project on Quay Street in Niagara County. Petitioners then commenced the current CPLR article 78 proceeding seeking, among other things, removal of all restrictions placed on Marinaccio. Respondents made a preanswer motion to dismiss and, in their motion, specifically requested permission to serve an answer in the event their motion to dismiss was denied. Supreme Court denied respondents' motion to dismiss and proceeded to grant the petition without affording respondents an opportunity to serve an answer. Respondents appeal.

Petitioners assert, both in their brief and in a motion filed with this Court, that the appeal should be dismissed as moot. Since both the Military Road and Quay Street projects are

concededly completed and there has been no showing that Supreme Court's decision affects any pending projects, we agree that the appeal is moot. We do not read Supreme Court's decision as broadly holding that DOT had instituted an improper de facto prospective debarment and, thus, the exception to the mootness doctrine urged by respondents does not apply (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713-715 [1980]). Moreover, it would not be prudent to move to the merits since respondents were not permitted to serve an answer and, therefore, the record is not fully developed. Indeed, in light of the fact that Supreme Court ruled on the petition without affording respondents an opportunity to file an answer when it was not clear that there were neither factual disputes nor prejudice to respondents in charting such a procedural course (*see Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 102 [1984]; *Matter of Schulz v McCall*, 220 AD2d 984, 986 [1995]), we exercise our discretion and grant respondents' motion to vacate the judgment " 'to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences' " (*Matter of Finkelstein v New York State Bd. of Law Examiners*, 241 AD2d 728, 729 [1997], quoting *United States v Munsingwear, Inc.*, 340 US 36, 41 [1950]; *see Matter of Lichtel v Travis*, 287 AD2d 837, 839 [2001]).

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs, judgment vacated and petition dismissed.