■ In the Matter of DENNIE CHAN, Respondent-Appellant, v BRION TRAVIS, as Chair of the New York State Division of Parole, Appellant-Respondent. [770 NYS2d 896]—Kane, J. Cross appeals from a judgment of the Supreme Court (Sheridan, J.), entered March 10, 2003 in Albany County, which, inter alia, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner, who was serving a prison sentence, had his first appearance before the Board of Parole in 2001. After the Board denied parole and his administrative appeal went unanswered, petitioner commenced this proceeding to annul the Board's determination. In 2003, Supreme Court granted the petition, annulled the determination and remanded the matter to the Board for rehearing. Respondent appealed, and petitioner cross-appealed the court's dismissal of one of his claims. Shortly thereafter, petitioner appeared before the Board at his regularly scheduled review, not a rehearing of the first review. At that time, the Board granted petitioner parole.

Initially, since petitioner did not appear in this appeal, his cross appeal is deemed abandoned. As to respondent's appeal, it

is moot based on the Board's grant of parole to petitioner, and we find no exception to the mootness doctrine (*see Matter of Lichtel v Travis*, 287 AD2d 837, 838 [2001]). We further decline to exercise our discretion, as urged by respondent, to vacate Supreme Court's judgment but instead simply dismiss the appeal as moot (*see Matter of Sarbro IX v McGowan*, 271 AD2d 829, 830 [2000]).

Spain, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.