In the Matter of CHRISTOPHER GONZALEZ, Respondent, v MAYRA GONZALEZ, Appellant. [870 NYS2d 410]—

Since the time of entry of the order appealed from, inter alia, granting the father's petition to modify the custody provisions of the parties' judgment of divorce by awarding him sole legal and physical custody of the subject child and granting him permission to relocate with the child to Virginia, the subject child has resumed living with his mother. In addition, the Family Court, Westchester County, has since issued an order of protection in favor of the mother and the subject child and against the father. Moreover, in January 2007 the Family Court, Westchester County, transferred the matter to the Family Court, Bronx County, which has awarded custody of the subject child to the mother. These subsequent court orders have rendered the appeal from the order entered October 18, 2006 academic. "It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]). Courts are prohibited from rendering advisory opinions and "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*id.* at 714; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810 [2003]; *Matter of Jimin J.*, 46 AD3d 826 [2007]; *Becher v Becher*, 245 AD2d 408 [1997]). Therefore, the mother's appeal from so much of the order entered October 18, 2006, as awarded the father custody of the subject child and granted him permission to relocate with the child to Virginia, must be dismissed.

While it is the general policy of New York courts to simply dismiss an appeal which has been rendered academic, vacatur of an order or judgment on appeal may also be an appropriate exercise of discretion where necessary "in order to prevent a

judgment which is unreviewable for mootness from spawning any legal consequences or precedent" (*Matter of Hearst Corp. v Clyne*, 50 NY2d at 718; *see Matter of Adirondack Moose Riv. Comm. v Board of Black Riv. Regulating Dist.*, 301 NY 219 [1950]; *Matter of Schwartz v Dennison*, 40 AD3d 218 [2007]; *Matter of Marinaccio v Boardman*, 303 AD2d 896 [2003]; *Matter of Lichtel v Travis*, 287 AD2d 837 [2001]). Here, in view of the ongoing litigation between the mother and father concerning the subject child in Family Court, Bronx County, the order appealed from, entered October 18, 2006, should be vacated. Mastro, J.P., Miller, Carni and McCarthy, JJ., concur.