■ New York City Parents Union et al., Appellants, v Board of Education of the City School District of the City of New York et al., Respondents, and Harlem Success Academy Charter School 1 et al., Intervenors-Respondents. [1 NYS3d 76]—

Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered June 19, 2013, dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs are two public school parent advocacy groups, an advocacy group for poor and working-class people, and parents of children who attend or attended public schools. They contend that defendant Board of Education's (BOE) practice of co-locating charter schools within traditional public schools without requiring them to pay rent violates the Education Law and article XI of the New York Constitution, and results in an unequal allocation of funding between charter schools and public schools and inequitable treatment of public school students.

The argument that BOE's failure to charge co-located charter schools for their use of public school building facilities violates Education Law § 2853 (4) (c) has been rendered moot by the enactment of an amendment to the law, effective April 1, 2014, providing that "[a] school district shall permit any charter school granted approval to co-locate, to use such services and facilities without cost" (*see* L 2014, ch 56, § 1, part BB, § 1) (*see* *Matter of Spano v O'Rourke*, 59 NY2d 946, 949 [1983]).

Plaintiffs' remaining statutory claims allege violations of Education Law §§ 2853 (3) (a-3) and 2590-h. However, plaintiffs did not exhaust their administrative remedies before seeking judicial review (*see* Education Law § 310 [7]), and they have not demonstrated the futility of pursuing those remedies or another exception to the exhaustion doctrine (*Matter of R.B. v Department of Educ. of the City of N.Y.*, 115 AD3d 440 [1st Dept 2014]).

The constitutional claim fails to state a cause of action since it does not adequately allege "the deprivation of a sound basic education" and "causes attributable to the State" (*New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 178-179 [2005]). Plaintiffs allege that the education provided to traditional public school students is inferior to that provided to co-located charter school students. However, the soundness of a basic education is not measured by comparing the educational opportunities offered by other districts or other schools (*see*

*Reform Educ. Fin. Inequities Today [R.E.F.I.T.] v Cuomo*, 86 NY2d 279 [1995]). The complaint gives examples of poor conditions in four public schools, but it does not allege any "district-wide" failure (*see New York Civ. Liberties Union*, 4 NY3d at 182), and it does not allege that as a result of these conditions the students in these four schools are being deprived of the opportunity to learn "basic literacy, calculating, and verbal skills" (*see Campaign for Fiscal Equity v State of New York*, 86 NY2d 307, 316 [1995]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Saxe and Kapnick, JJ.