Matter of Anderson v New York State Dept. of Corr. & Community Supervision (2018 NY Slip Op 03786)





Matter of Anderson v New York State Dept. of Corr. & Community Supervision


2018 NY Slip Op 03786


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

525066

[*1]In the Matter of JAMES E. ANDERSON, Respondent,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION et al., Appellants.

Calendar Date: April 23, 2018

Before: McCarthy, J.P., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for appellants.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from an judgment of Supreme Court (Schick, J.), entered April 20, 2017 in Sullivan County, which, among other things, in a proceeding pursuant to CPLR article 78, remanded the matter to the Board of Parole for a de novo hearing.
Following the Board of Parole's denial of his request for parole release in November 2015, and an unsuccessful administrative appeal therefrom, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination. In October 2016, following joinder of issue, Supreme Court annulled the Board's determination, finding that it had failed to consider the relevant statutory factors, and remitted the matter to the
Board to conduct de novo hearing with new Board members (see Executive Law § 259-i). The Board held a new hearing and issued a determination again denying petitioner parole release, and petitioner filed an administrative notice of appeal therefrom. Petitioner also moved, by order to show cause, for an order finding, among other things, respondents to be in contempt for violating Supreme Court's October 2016 order and directing remittal for yet another de novo hearing. Finding that the Board had still failed to properly conduct petitioner's parole hearing, Supreme Court held that petitioner was entitled to a third hearing, but otherwise denied petitioner's motion for contempt. Respondents appeal.
Initially, there is no dispute that respondents' appeal should be dismissed as moot [*2]because the Board has since granted petitioner parole release (see Matter of Cummings v Regan, 36 NY2d 969, 969 [1975]; Matter of Franco v New York State Bd. of Parole, 157 AD3d 1150, 1151 [2018]; Matter of Sanchez v Stanford, 152 AD3d 854, 854-855 [2017]) and the exception to the mootness doctrine does not apply (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Respondents urge, however, that we should exercise our discretion to vacate the underlying order to avoid confusion of law.
Although "there is no question that it is the general policy of the courts of this [s]tate to simply dismiss an appeal that has been rendered moot, occasionally, however, courts have also vacated the order [or judgment] appealed as a matter of discretion in order to prevent [it] from engendering adverse legal consequences or precedent" (Matter of Lichtel v Travis, 287 AD2d 837, 838 [2001] [internal quotation marks, ellipses, brackets and citations omitted]; see E-Z Eating 41 Corp. v H.E. Newport L.L.C., 84 AD3d 401, 401 [2011]; Matter of Marinaccio v Boardman, 303 AD2d 896, 897 [2003]; Matter of Finkelstein v New York State Bd. of Law Examiners, 241 AD2d 728, 729 [1997]; compare Matter of Sarbro IX v McGowan, 271 AD2d 829, 830 [2000]). That said, under the circumstances presented here, we are not inclined to deviate from our general practice of dismissing the appeal in cases that have been rendered moot.
McCarthy, J.P., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.