Broadway Warehouse Co. v Buffalo Barn Bd., LLC (2018 NY Slip Op 04140)





Broadway Warehouse Co. v Buffalo Barn Bd., LLC


2018 NY Slip Op 04140


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND TROUTMAN, JJ.


444 CA 17-01982

[*1]BROADWAY WAREHOUSE CO., PLAINTIFF-APPELLANT,
v
BUFFALO BARN BOARD, LLC, ET AL., DEFENDANTS, AND DAVID R. PFALZGRAF, JR., DEFENDANT-RESPONDENT. 






BLAIR & ROACH, LLP, TONAWANDA (J. MICHAEL LENNON OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BOND, SCHOENECK & KING, PLLC, BUFFALO (RIANE F. LAFFERTY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered August 14, 2017. The order granted the motion of defendant David R. Pfalzgraf, Jr., to dismiss the complaint against him. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Plaintiff commenced this action seeking to recover amounts due under a written agreement pursuant to which plaintiff leased its warehouse to defendant Buffalo Barn Board, LLC (BBB). Brooks Anderson, BBB's principal, personally guaranteed the lease, and David R. Pfalzgraf, Jr. (defendant) was the attorney who represented BBB. After BBB defaulted on its rental payments, defendant requested that plaintiff defer legal action. Plaintiff agreed, on the condition that defendant keep plaintiff informed about "the status of the restructuring/ refinancing, and anything that is happening or has happened (not in the ordinary course of business) that has or might impair [plaintiff's] security interest."
Insofar as relevant to this appeal, plaintiff alleged that defendant breached his agreement with plaintiff by failing to notify plaintiff of actions jeopardizing plaintiff's security interest. Plaintiff further alleged that defendant engaged in fraud and misrepresentation, which induced plaintiff to defer its legal action against BBB and thereby rendered plaintiff unable to recover the amounts due under the lease agreement. In a prior appeal, we determined that Supreme Court (Walker, A.J.) erred in granting that part of plaintiff's motion seeking partial summary judgment on the breach of contract cause of action against defendant on the ground that "[p]laintiff failed to meet its initial burden of establishing by clear and explicit evidence' that [defendant] intended to substitute or superadd his personal liability for, or to, that of his
principal' " (Broadway Warehouse Co. v Buffalo Barn Bd., LLC, 143 AD3d 1238, 1242 [4th Dept 2016], quoting Salzman Sign Co. v Beck, 10 NY2d 63, 67 [1961] [internal quotation marks from Salzman Sign Co. omitted]). Defendant thereafter moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint against him, and Supreme Court (Chimes, J.) granted that motion.
While this appeal was pending, Anderson, pursuant to his personal guaranty, paid plaintiff the amount due under the lease agreement plus interest. We agree with defendant that this appeal is now moot and that the exception to the mootness doctrine does not apply (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; see also Matter of Sarbro IX v McGowan, 271 AD2d 829, 830 [3d Dept 2000]). Contrary to plaintiff's contention, it is not entitled to an award of attorney's fees as against defendant. Such fees "may not be awarded in the absence of a statute expressly authorizing their recovery, or an agreement or stipulation to that effect by the parties" (Feeney v Licari, 131 AD2d 539, 539 [2d Dept 1987]). Here, such an award was not authorized by any statute, and there was no stipulation or agreement between plaintiff and defendant that would permit such an award.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court