■ Duke L. Funderburke, Appellant, v New York State Department of Civil Service et al., Respondents. [854 NYS2d 466]—

The plaintiff is a retired school teacher previously employed by the defendant Uniondale Union Free School District (hereinafter the District). In 2004, he and his same-sex partner of many years legally married in Ontario, Canada. The plaintiff then requested spousal health and dental insurance coverage from the District for his spouse. After the District denied the request, the plaintiff commenced this action against the District and the New York State Department of Civil Service (hereinafter the DCS), as well as certain District and DCS officials and employees, seeking compensatory and injunctive relief and a declaration that the benefits had been illegally denied. The Supreme Court granted the respective motions of the District and its officials and employees, and the DCS and its officials and employees, for summary judgment. The plaintiff appeals.

During the pendency of the appeal, the DCS changed its policy regarding recognition of foreign same-sex marriages. The DCS now requires public employers within its jurisdiction to provide full spousal benefits to same-sex couples validly married in another jurisdiction, and requires all members of its health insurance program, including the District, to provide such benefits. The DCS further committed to the payment of out-of-pocket medical expenses incurred by the plaintiff in obtaining health coverage for his spouse from the time of the plaintiff's application for spousal health coverage. On May 3, 2007 the District notified the plaintiff that his spouse would be eligible to enroll in the Empire Plan, which is one of the medical and health insurance plans made available to employees of the State and its subdivisions. The District further changed its eligibility policy for its dental plan pursuant to a resolution of the Board of Education of the District, notified the plaintiff of the change, and committed to reimburse him the maximum amount of dental coverage which would have been available to his spouse had he been enrolled in the program since the time that the initial coverage request was made.

"It is a fundamental principle of our jurisprudence that the

power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713 [1980]). Courts are prohibited from rendering advisory opinions and "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714 [1980]; *see Saratoga County Chamber of Commerce v Pataki,* 100 NY2d 801, 810-811 [2003], *cert denied* 540 US 1017 [2003]; *Matter of Jacobs v Biamonte,* 38 AD3d 777 [2007]; *Becher v Becher,* 245 AD2d 408, 408-409 [1997]). In light of the defendants' voluntary change of policy, the rights of the parties would not be directly affected by a determination of this appeal. Further, the exception to the mootness doctrine does not apply (*see Wisholek v Douglas,* 97 NY2d 740, 742 [2002]; *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715 [1980]; *Matter of Jacobs v Biamonte,* 38 AD3d at 778). Accordingly, we dismiss the appeal as academic.

While it is the general policy of New York courts to simply dismiss an appeal which has been rendered academic, vacatur of an order or judgment on appeal may be an appropriate exercise of discretion where necessary "in order to prevent a judgment which is unreviewable for mootness from spawning any legal consequences or precedent" (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 718 [1980]; *see Matter of Adirondack Moose Riv. Comm. v Board of Black Riv. Regulating Dist.,* 301 NY 219, 220 [1950]; *Matter of Schwartz v Dennison,* 40 AD3d 218 [2007]; *Matter of Marinaccio v Boardman,* 303 AD2d 896, 897 [2003]; *Matter of Lichtel v Travis,* 287 AD2d 837, 838-839 [2001]; *Matter of Finkelstein v New York State Bd. of Law Examiners,* 241 AD2d 728, 729-730 [1997]; *Matter of DIP Pharm. v Perales,* 211 AD2d 790 [1995]). " '[A] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment' " (*Matter of Ruskin v Safir,* 257 AD2d 268, 273 [1999], quoting *US Bancorp Mortgage Co. v Bonner Mall Partnership,* 513 US 18, 25 [1994]). Here, our review of the order has been rendered academic by the unilateral actions of the respondents (*cf. Matter of NRG Energy, Inc. v Crotty,* 18 AD3d 916, 920 [2005]), and we thus dismiss the appeal. Further, the Supreme Court's orders could spawn adverse legal consequences for the plaintiff or be used as precedent in future cases, causing confusion of the legal issues in this area of the law (*cf. Martinez v County of Monroe,* 50 AD3d 189 [4th

Dept 2008]). Accordingly, we grant the plaintiff's cross motion to vacate the order entered July 12, 2006 and we vacate a subsequent order entered September 13, 2006, which, upon reargument, adhered to the determination made in the initial order. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur. [*See* 13 Misc 3d 284 (2006)].