■ ANDREA MANNINO et al., Appellants, v WELLS FARGO HOME MORTGAGE, INC., et al., Respondents. (And a Third-Party Action.) [990 NYS2d 854]—

In an action to cancel a mortgage on certain real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated July 5, 2012, as denied their motion for summary judgment on the complaint and which searched the record and awarded the defendants summary judgment dismissing the complaint. Motion by the defendant Wells Fargo Home Mortgage, Inc., inter alia, to dismiss the appeal as academic. By decision and order

on motion of this Court dated August 19, 2013, that branch of the motion which was to dismiss the appeal as academic was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal as academic is granted; and it is further,

Ordered that the appeal is dismissed as academic, without costs or disbursements, and so much of the order of the Supreme Court, Kings County, dated July 5, 2012, as awarded the defendants summary judgment dismissing the complaint is vacated.

The subject premises has been sold and the subject mortgage has been satisfied. Therefore, the remedy sought is no longer available. Accordingly, the appeal has been rendered academic (*see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003]; *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713-715 [1980]; *Asher v Gigante*, 21 AD3d 916 [2005]).

While it is the general policy of New York courts to simply dismiss an appeal which has been rendered academic, vacatur of an order or judgment on appeal may be an appropriate exercise of discretion where necessary "in order to prevent a judgment which is unreviewable for mootness from spawning any legal consequences or precedent" (*Matter of Hearst Corp. v Clyne*, 50 NY2d at 718; *see Matter of Adirondack Moose Riv. Comm. v Board of Black Riv. Regulating Dist.*, 301 NY 219 [1950]; *E-Z Eating 41 Corp. v H.E. Newport L.L.C.*, 84 AD3d 401 [2011]; *Funderburke v New York State Dept. of Civ. Serv.*, 49 AD3d 809 [2008]). Here, the plaintiffs sold the premises and satisfied the subject mortgage under threat of foreclosure. They " 'ought not in fairness be forced to acquiesce in' " the unreviewable order, which could spawn adverse legal consequences due to its res judicata effect (*Matter of Ruskin v Safir*, 257 AD2d 268, 273 [1999], quoting *US Bancorp Mortgage Co. v Bonner Mall Partnership*, 513 US 18, 25 [1994]). Accordingly, we vacate so much of the order dated July 5, 2012, as awarded the defendants summary judgment dismissing the complaint. Mastro, J.P., Lott, Sgroi and Cohen, JJ., concur.