■ KAREN TOMASINO, Appellant, v ROBERT TOMASINO, Respondent. [7 NYS3d 483]—

In an action, inter alia, for a divorce and ancillary relief, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Quinn, J.), dated October 4, 2012, which denied her motion to vacate a stipulation of settlement dated January 11, 2011, and (2), as limited by her brief, from so much of an order of the same court dated March 6, 2013, as (a), upon renewal and reargument, adhered to the determination in the order dated October 4, 2012, and (b) denied that branch of her motion which was for an award of an attorney's fee.

Motion by the defendant, inter alia, (1) to dismiss the appeal from the order dated October 4, 2012, on the ground that it was superseded by the order dated March 6, 2013, and (2) to dismiss the appeal from the order dated March 6, 2013, in effect, on the ground that it has been rendered academic by an order of the Supreme Court, Suffolk County, dated August 12, 2013, which, upon the parties' failure to submit a judgment of divorce in accordance with a prior order of the same court dated

June 3, 2013, in effect, directed the dismissal of the plaintiff's summons with notice and the defendant's purported verified complaint without prejudice. By decision and order on motion of this Court dated March 19, 2014, those branches of the motion which were to dismiss the appeals were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers submitted in support of those branches of the motion and the papers submitted in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is to dismiss the appeal from the order dated October 4, 2012, is granted, as that order was superseded by the order dated March 6, 2013, made upon renewal and reargument; and it is further,

Ordered that the branch of the motion which is to dismiss the appeal from the order dated March 6, 2013, is granted to the extent that the appeal from so much of that order as, upon renewal and reargument, adhered to the determination in the order dated October 4, 2012, is dismissed, as the appeal from that portion of the order was rendered academic by the order dated August 12, 2013, and that branch of the motion is otherwise denied; and it is further,

Ordered that the order dated March 6, 2013, is affirmed insofar as reviewed, without costs or disbursements.

"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]; *see Funderburke v New York State Dept. of Civ. Serv.*, 49 AD3d 809, 810-811 [2008]). "This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" (*Matter of Hearst Corp. v Clyne*, 50 NY2d at 713-714). Accordingly, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal" (*id.* at 714; *see Funderburke v New York State Dept. of Civ. Serv.*, 49 AD3d at 811).

Here, it is undisputed that during the pendency of these appeals, an order of the Supreme Court, Suffolk County, dated August 12, 2013, was entered which, upon the parties' failure to submit a judgment of divorce in accordance with a prior order of the same court dated June 3, 2013, in effect, directed the

dismissal, without prejudice, of the plaintiff's summons with notice and the defendant's submission, denominated a "verified complaint." Accordingly, any determination of the appeal from so much of the order dated March 6, 2013, as, upon renewal and reargument, adhered to the determination in the order dated October 4, 2012, by this Court will not affect the rights of the parties, and the matter does not otherwise warrant invoking an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d at 714; *Gerulaitis v Recreational Concepts*, 295 AD2d 562, 563 [2002]; *see also Aniqa Halal Live Poultry Corp. v Montague-Lee Ltd. Partnership*, 110 AD3d 934, 934-935 [2013]). Contrary to the plaintiff's contention, the dismissal of that portion of the appeal from the order dated March 6, 2013, will not serve to preclude relitigation of the issue decided in that portion of the order, since the doctrine of collateral estoppel may not be properly invoked under these circumstances (*see Brandenberg v Primus Assoc.*, 304 AD2d 694, 695 [2003]; *see also Silberstein v Silberstein*, 218 NY 525, 528 [1916]; *accord* Restatement [Second] of Judgments §§ 27, Comment *h*; 28 [1]).

The Supreme Court did not err in denying that branch of the plaintiff's motion which was for an award of an attorney's fee (*see* Domestic Relations Law § 237 [a]; *Rizzo v Rizzo*, 120 AD3d 1400 [2014]; *see also Cervone v Cervone*, 74 AD3d 1268, 1269 [2010]). Rivera, J.P., Skelos, Roman and Miller, JJ., concur.