■ SARA MARKOWITS et al., Appellants, v BARRY FRIEDMAN et al., Respondents, et al., Defendants. [42 NYS3d 52]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated March 12, 2015, as granted that branch of the motion of the defendants Barry Friedman and Rachel Friedman which was, in effect, to direct the plaintiff Alexander Markowits to notify the arbitrator, by March 19, 2015, of dates available to appear for an arbitration during the weeks of April 16, 2015 or April 24, 2015.

Ordered that the appeal is dismissed as academic, without costs or disbursements, and so much of the order as granted that branch of the motion of the defendants Barry Friedman and Rachel Friedman which was, in effect, to direct the plaintiff Alexander Markowits to notify the arbitrator, by March 19, 2015, of dates available to appear for an arbitration during the weeks of April 16, 2015 or April 24, 2015, is vacated.

In an order dated June 16, 2014, the Supreme Court granted, in part, a motion of various defendants to compel arbitration (*see Markowits v Friedman*, 144 AD3d 993 [2016] [decided herewith]). The order appealed from here, in relevant part, in effect, granted that branch of the motion of the defendants Barry Friedman and Rachel Friedman (hereinafter together the Friedmans) which was, in effect, to direct the plaintiff Alexander Markowits to notify the arbitrator, by March 19, 2015, of dates available to appear for an arbitration during the weeks of April 16, 2015 or April 24, 2015. Since the order expired by its own terms during the pendency of this appeal, the appeal has been rendered academic (*see Matter of Maurice M. [Norton]*, 138 AD3d 1119 [2016]; *Matter of Congregation Ahavas Moische, Inc. v Katzoff*, 134 AD3d 933 [2015]).

"While it is the general policy of New York courts to simply

dismiss an appeal which has been rendered academic, vacatur of an order or judgment on appeal may be an appropriate exercise of discretion where necessary 'in order to prevent a judgment which is unreviewable for mootness from spawning any legal consequences or precedent' " (*Mannino v Wells Fargo Home Mtge., Inc.*, 120 AD3d 638, 639 [2014], quoting *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 718 [1980]; *see Matter of Adirondack Moose Riv. Comm. v Board of Black Riv. Regulating Dist.*, 301 NY 219 [1950]; *E-Z Eating 41 Corp. v H.E. Newport L.L.C.*, 84 AD3d 401 [2011]; *Funderburke v New York State Dept. of Civ. Serv.*, 49 AD3d 809 [2008]). Here, the plaintiffs are correct that the Supreme Court lacked the authority to direct Alexander Markowits to participate in the arbitration, since the order compelling arbitration merely precludes Alexander Markowits from proceeding in the action (*see* CPLR 7506 [b], [c]; *Marillo v Shearson Hayden Stone*, 159 AD2d 1012 [1990]). Further, the subject portion of the order could spawn adverse legal consequences for Markowits should the defendants seek to hold him in contempt for failing to comply with it. Accordingly, we vacate so much of the order as granted that branch of the Friedmans' motion which was, in effect, to direct Alexander Markowits to notify the arbitrator, by March 19, 2015, of dates available to appear for an arbitration during the weeks of April 16, 2015 or April 24, 2015. Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.