■ Nautilus Capital, LLC, Appellant, v Rama Realty Associates, LLC, et al., Respondents, et al., Defendants. [49 NYS3d 486]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), entered August 8, 2015, which granted the motion of the defendants Rama Realty Associates, LLC, and Payam Toobian to direct it to assign the underlying mortgage to a new lender upon full payment of the mortgage indebtedness pursuant to Real Property Law § 275. Motion by the defendants Rama Realty Associates, LLC, and Payam Toobian, inter alia, to dismiss the appeal as academic. By decision and order on motion of this Court dated March 29, 2016, that branch of the motion which is to dismiss the appeal as academic was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal as academic is granted; and it is further,

Ordered that the appeal is dismissed as academic, without costs or disbursements, and the order entered August 8, 2015, is vacated.

It is undisputed that the subject mortgage has been satisfied and that the complaint in this action was subsequently dismissed pursuant to an order of the Supreme Court, Queens County, dated December 4, 2015. Under the circumstances, any determination of this appeal by this Court will not affect the rights of the parties (see Vigo v 501 Second St. Holding Corp., 121 AD3d 778, 779 [2014]; Mannino v Wells Fargo Home Mtge., Inc., 120 AD3d 638, 639 [2014]; Cendant Mtge. Corp. v Packes, 19 AD3d 356, 356 [2005]). Inasmuch as this matter does not otherwise warrant invoking an exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; cf. Matter of In Defense of Animals v Vassar Coll., 121 AD3d 991, 993 [2014]), the appeal must be dismissed as academic (see Vigo v 501 Second St. Holding Corp., 121 AD3d at 779; Mannino v Wells Fargo Home Mtge., Inc., 120 AD3d at 639; Cendant Mtge. Corp. v Packes, 19 AD3d at 356; see also Tomasino v Tomasino, 127 AD3d 1069, 1070-1071 [2015]; Gerulaitis v Recreational Concepts, 295 AD2d 562, 563 [2002]).

While it is the general policy of New York courts to simply dismiss an appeal which has been rendered academic, vacatur of an order or judgment on appeal may be an appropriate exercise of discretion where necessary "in order to prevent a judgment which is unreviewable for mootness from spawning any legal consequences or precedent" (*Matter of Hearst Corp. v Clyne*, 50 NY2d at 718; *see Matter of Adirondack Moose Riv. Comm. v Board of Black Riv. Regulating Dist.*, 301 NY 219, 223 [1950]; *E-Z Eating 41 Corp. v H.E. Newport L.L.C.*, 84 AD3d 401, 401-402 [2011]; *Funderburke v New York State Dept. of Civ. Serv.*, 49 AD3d 809, 811 [2008]; *see also United States v Munsingwear, Inc.*, 340 US 36, 40-41 [1950]). Under the particular circumstances of this case, we deem it appropriate to vacate the order appealed from (*see Mannino v Wells Fargo Home Mtge., Inc.*, 120 AD3d at 639). Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.