■ Joseph Mizrahi, Respondent, v US Bank, National Association, as Trustee for Credit Suisse First Boston CSFB 2005-2, Also Known as US Bank, National Association, as

Trustee for CREDIT SUISSE BOSTON MORTGAGE SECURITIES CORP., CSFB MORTGAGE PASS-THRU CERTIFICATES, SERIES 2005-2, Appellant, et al., Defendants. [64 NYS3d 583]—In an action pursuant to RPAPL 1501 (4) to cancel and discharge a mortgage, the defendant US Bank, National Association, appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Kings County (Rothenberg, J.), dated June 13, 2016, which, inter alia, in effect, granted that branch of the plaintiff's motion which was for summary judgment on the complaint.

Ordered that the appeal is dismissed as academic, without costs or disbursements, and the provision of the order which, in effect, granted the plaintiff's motion for summary judgment and the first through fifth decretal paragraphs thereof are vacated.

In light of our determination on a related appeal granting that branch of the appellant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it (*see Mizrahi v US Bank, N.A.*, 156 AD3d 617 [2017] [decided herewith]), the instant appeal has been rendered academic.

While it is the general policy of New York courts to simply dismiss an appeal which has been rendered academic, vacatur of an order or judgment on appeal may be an appropriate exercise of discretion where necessary "in order to prevent a judgment which is unreviewable for mootness from spawning any legal consequences or precedent" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 718 [1980]; *see Matter of Adirondack Moose Riv. Comm. v Board of Black Riv. Regulating Dist.*, 301 NY 219, 223 [1950]; *E-Z Eating 41 Corp. v H.E. Newport L.L.C.*, 84 AD3d 401, 401-402 [2011]; *Funderburke v New York State Dept. of Civ. Serv.*, 49 AD3d 809, 811 [2008]; *see also United States v Munsingwear, Inc.*, 340 US 36, 40-41 [1950]). Under the particular circumstances of this case, we deem it appropriate to vacate the provisions of the order appealed from (*see Mannino v Wells Fargo Home Mtge., Inc.*, 120 AD3d 638, 639 [2014]). Dillon, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.