Matter of Denise V. E. J. (Latonia J.) (2018 NY Slip Op 05163)





Matter of Denise V. E. J. (Latonia J.)


2018 NY Slip Op 05163


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-10335
2017-10336
 (Docket No. N-11424-14)

[*1]In the Matter of Denise. E. J. (Anonymous), appellant. Westchester County Department of Social Services, petitioner-respondent; Latonia J. (Anonymous), respondent-respondent.


Lisa F. Colin, White Plains, NY, attorney for the child, the appellant, Denise V. E. J.
John M. Nonna, White Plains, NY (Stacey Dolgin-Kmetz and Justin R. Adin of counsel), for petitioner-respondent.
Randy I. Siper, Montgomery, NY, for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the subject child appeals from (1) an order of the Family Court, Westchester County (Maria-Alana S. Recine, Ct. Atty. Ref.), dated August 21, 2017, and (2) a dispositional order of the same court dated March 27, 2017. The order dated August 21, 2017, insofar as appealed from, denied the motion of the subject child pursuant to Family Court Act § 1090-a to participate in person at a permanency hearing. The dispositional order dated March 27, 2017, inter alia, after a permanency hearing, continued the child's placement and approved the permanency goal of reunification with the mother with a concurrent plan for adult custodial care.
ORDERED that the appeal from the order dated August 21, 2017, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the appeal from the dispositional order dated March 27, 2017, is dismissed, without costs or disbursements, as academic and because the subject child is not aggrieved by the dispositional order (see CPLR 5511).
In June 2005, the Family Court determined that the subject child had been neglected by her mother. Since early 2013, the subject child has been placed in various residential treatment facilities.
In 2016, a permanency hearing was scheduled (see Family Court Act § 1089). The subject child moved pursuant to Family Court Act § 1090-a to participate in person at that permanency hearing. At a proceeding held on January 9, 2017, the Family Court, among other things, orally denied the subject child's motion to participate in person and directed that she [*2]participate in the hearing via video conferencing. The transcript of the January 9, 2017, proceeding was so-ordered on August 21, 2017.
The permanency hearing was held on January 12, 2017, and the subject child appeared via video conferencing. At the conclusion of the hearing, the Family Court set forth its dispositional determination orally on the record. The court directed the dispositional outcome the child sought, which was continuation of the child's placement and approval of the permanency goal of reunification with the mother with a concurrent plan for adult custodial care. The transcript of the January 12, 2017, permanency hearing, which included the court's dispositional determination, was so-ordered on March 27, 2017.
The subject child has appealed from the order dated August 21, 2017, and the dispositional order dated March 27, 2017. The child contends that the Family Court erred in denying her motion pursuant to Family Court Act § 1090-a to participate in person at the January 12, 2017, permanency hearing. The child does not raise any arguments regarding the dispositional order.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713; see Funderburke v New York State Dept. of Civ. Serv., 49 AD3d 809, 810-811). "This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" (Matter of Hearst Corp. v Clyne, 50 NY2d at 713-714). Accordingly, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal" (id. at 714; see Funderburke v New York State Dept. of Civ. Serv., 49 AD3d at 811).
Here, the appeal from the dispositional order has been rendered academic since that order was superseded by subsequent permanency hearing orders from which the subject child has not appealed (see Matter of Hannah T.R. [Soya R.]), 156 AD3d 886, 887; Matter of Serena H. [Melanie F.], 141 AD3d 522, 522). Furthermore, the child was not aggrieved by the dispositional order since she received the dispositional outcome that she was seeking at the permanency hearing (see CPLR 5511; Matter of Jocelyne A. [Walter A.], 102 AD3d 776). Accordingly, the appeal from the dispositional order must be dismissed.
Although the subject child is aggrieved by the order dated August 21, 2017, the appeal from that order has nevertheless been rendered academic. Where a dispositional order has been issued after a permanency hearing and a child was erroneously deprived of his or her statutory right to participate in person at that hearing, the remedy for any such error would be to vacate the dispositional order, grant the motion to participate in person at the hearing, and remit the matter for a new permanency hearing at which the child must be permitted to participate in person (see generally Family Ct Act § 1090-a). In this case, however, this Court is unable to grant any such relief because the permanency hearing and dispositional order at issue on these appeals were superseded by later permanency hearings and orders, and it is undisputed that the subject child has been permitted to participate in person at those hearings. Indeed, since the dispositional order at issue on these appeals directed the dispositional outcome the child sought, she does not seek a reversal or modification of the dispositional order on this appeal. Since the rights of the parties will not be directly affected by the determination of the appeal from the order dated August 21, 2017, and since the matter does not otherwise warrant invoking an exception to the mootness doctrine, we dismiss the appeal from that order as academic (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714; Nautilus Capital, LLC v Rama Realty Assoc., LLC, 148 AD3d 817, 817; Tomasino v Tomasino, 127 AD3d 1069, 1071).
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court