Leifer v Spitzer (2019 NY Slip Op 02329)





Leifer v Spitzer


2019 NY Slip Op 02329


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-05024
 (Index No. 507255/15)

[*1]Abraham Leifer, etc., plaintiff-respondent,
v
Jack Spitzer, etc., et al., defendants-respondents; HTS548, LLC, et al., nonparty-appellants; Joel Wertzberger, nonparty-respondent.


Stahl & Zelmanovitz, New York, NY (Joseph Zelmanovitz and Abraham Neuhaus of counsel), for nonparty-appellants HTS548, LLC, and Angel Carrie, LLC.
Baum & Bailey, P.C., New York, NY (Christopher J. Baum of counsel), for nonparty-appellant New York City Marshall, Justin P. Grossman.
Drinker Biddle & Reath LLP, New York, NY (Richard J. L. Lomuscio of counsel), for defendant-respondent Lincoln National Life Insurance Company.
Schlam Stone & Dolan LLP, New York, NY (Richard H. Dolan and Bradley J. Nash of counsel), for defendant-respondent Alexander Ashkenazi.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, nonparties HTS548, LLC, and Angel Carrie, LLC, appeal, and nonparty New York City Marshal, Justin P. Grossman, separately appeals, from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 19, 2016. The order, insofar as appealed from, granted the motion by the defendants Alexander Ashkenazi and Congregation Mesamche Lev to enforce a so-ordered stipulation by directing the defendant Lincoln National Life Insurance Company to make a certain payment to the defendant Jack Spitzer, as trustee of the Max Jones Family Trust.
ORDERED that the appeals are dismissed, with one bill of costs to the defendants-respondents, payable by the nonparty-appellants appearing separately and filing separate briefs.
The instant action involved the proceeds of two insurance policies on the life of Max Jones, issued by Lincoln National Life Insurance Company (hereinafter Lincoln) and held by the Max Jones Family Trust (hereinafter the Trust). The defendant Congregation Mesamche Lev (hereinafter the Congregation) held a beneficial interest in trust assets, including the subject insurance policies. The defendant Alexander Ashkenazi is the President of the Congregation. The plaintiff alleged that the Congregation had transferred to him a portion of its beneficial interest in trust assets. A settlement was reached between the plaintiff, Ashkenazi, and the Congregation whereby they would jointly instruct Lincoln to pay a certain sum to the plaintiff and a certain sum to Ashkenazi and the Congregation. In a so-ordered stipulation, the court directed Lincoln to make the payments set forth in the settlement agreement, with the Ashkenazi/Congregation Payment to be [*2]made to the Trust.
Nonparties HTS548, LLC, and Angel Carrie, LLC (hereinafter together the judgment creditors), then served restraining notices on Lincoln based on two domesticated judgments they held against Ashkenazi. The New York City Marshal, Justin P. Grossman, served executions on Lincoln, directing it to transfer the funds to him. HTS548, LLC, also obtained an execution from an Iowa court related to an Iowa judgment against Ashkenazi, and the sheriff served a notice of garnishment on Lincoln. The judgment creditors allege that both the Trust and the Congregation are alter egos of Ashkenazi.
After Lincoln notified the parties that these restraints impacted its ability to remit the Ashkenazi/Congregation payment in accordance with the settlement agreement, Ashkenazi and the Congregation moved by order to show cause to enforce the April 15, 2016, so-ordered stipulation by compelling Lincoln to make the payments required thereunder. In an order dated May 19, 2016, the Supreme Court granted the motion and directed Lincoln to make the Ashkenazi/Congregation payment to the trustee of the Trust, without prejudice to any proceedings which may be brought by the judgment creditors to assert rights to the settlement proceeds. The judgment creditors and the New York City Marshal separately appeal. This Court denied their motions to stay enforcement of the order pending hearing and determination of the appeals, and Lincoln conveyed the funds to the Trust on July 7, 2016.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713; see Funderburke v New York State Dept. of Civ. Serv., 49 AD3d 809, 811). "This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" (Matter of Hearst Corp. v Clyne, 50 NY2d at 713-714). Accordingly, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal" (id. at 714; see Funderburke v New York State Dept. of Civ. Serv., 49 AD3d at 811).
Here, the May 19, 2016, order, in effect, invalidated the restraining notices and executions served on Lincoln by directing Lincoln to transfer the disputed funds (see CPLR 5222[b]; 5232[a]). In light of Lincoln's payment, pursuant to court order, of the disputed funds to the Trust, a determination in the appellants' favor would merely reinstate restraining notices and executions regarding funds Lincoln no longer holds. Thus, reversal would have neither legal effect as to who has a legal right to the funds, nor practical effect as to who will hold those funds pending determination of who has legal right to them. Therefore, the rights of the parties will not be directly affected by the determination of the appeals from the order dated May 19, 2016. Since the matter does not warrant invoking an exception to the mootness doctrine, we dismiss the appeals as academic (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714; Matter of Denise V.E.J. [Latonia J.], 163 AD3d 667, 670; Golia v Vieira, 162 AD3d 864, 865).
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court