Matter of Village of S. Blooming Grove v Village of Kiryas Joel Bd. of Trustees (2019 NY Slip Op 06607)





Matter of Village of S. Blooming Grove v Village of Kiryas Joel Bd. of Trustees


2019 NY Slip Op 06607


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2016-11826
 (Index No. 7410/15)

[*1]In the Matter of Village of South Blooming Grove, et al., appellants, 
v
Village of Kiryas Joel Board of Trustees, et al., respondents-respondents, Emanuel Leonorovitz, et al., additional respondents-respondents.


Bryan Cave LLP, New York, NY (Philip E. Karmel of counsel), for appellants.
Whiteman Osterman & Hanna LLP, Albany, NY (Michael G. Sterthous and Robert S. Rosborough IV of counsel), for respondents-respondents Village of Kiryas Joel Board of Trustees and Village of Kiryas Joel.
Dickover, Donnelly & Donovan, LLP, Goshen, NY (Michael H. Donnelly and Keane & Beane, LLP [Joel H. Sachs and Eric L. Gordon], of counsel), for respondents-respondents Town of Monroe Town Board and Town of Monroe.
Sive, Paget & Riesel P.C., New York, NY (Steven Barshov of counsel), for additional respondents-respondents.
In a proceeding pursuant to CPLR article 78, inter alia, to review determinations of the Village of Kiryas Joel Board of Trustees and the Town of Monroe Town Board, the petitioners appeal from stated portions of an order and judgment (one paper) of the Supreme Court, Orange County (Gretchen Walsh, J.), dated October 11, 2016. The order and judgment, inter alia, denied those branches of the amended petition which were to review certain determinations of the Village of Kiryas Joel Board of Trustees and the Town of Monroe Town Board to the extent that they related to a proposed 164-acre annexation and dismissed those portions of the proceeding.



DECISION & ORDER
Motion by the additional respondents to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated February 20, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted; and it is further,
ORDERED that the appeal is dismissed, without costs or disbursements.
The petitioners commenced this proceeding pursuant to CPLR article 78 to review, inter alia, determinations of the Village of Kiryas Joel Board of Trustees (hereinafter the Village Board) and the Town of Monroe Town Board (hereinafter the Town Board) which, among other things, adopted certain findings under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) and approved a proposed 164-acre annexation of land (hereinafter the disputed acreage) from the Town of Monroe to the Village of Kiryas Joel. In an order and judgment dated October 11, 2016, the Supreme Court, inter alia, denied those branches of the amended petition which were to review determinations of the Village Board and the Town Board to the extent that they related to the disputed acreage and dismissed those portions of the proceeding. The petitioners appeal from stated portions of the order and judgment. During the pendency of the appeal, as of January 1, 2019, the disputed acreage became part of the newly established Town of Palm Tree (see L 2018, ch 104). The establishment of the new Town of Palm Tree, which encompasses the disputed acreage, has rendered the appeal academic.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" (id. at 713-714). Accordingly, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal" (id. at 714; see Matter of Denise V.E.J. [Latonia J.], 163 AD3d 667, 669).
Here, the establishment of the disputed acreage as part of the new Town of Palm Tree renders the proposed annexation of those acres of land from the Town of Monroe to the Village of Kiryas Joel academic since the land is no longer within the Town of Monroe. Therefore, any determination by this Court on the appeal will not affect the rights of the parties. While the petitioners seek a ruling on the SEQRA methodology used by the Village Board in reviewing the annexation, "[t]his is the only proposed [action] under review, and we cannot render an advisory opinion as to any different circumstances which may or may not arise in the future" (Matter of Zutt v State of New York, 99 AD3d 85, 106).
Since the rights of the parties will not be directly affected by the determination of the appeal, and since the matter does not otherwise warrant invoking an exception to the mootness doctrine, we dismiss the appeal as academic (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714; Nautilus Capital, LLC v Rama Realty Assoc., LLC, 148 AD3d 817, 817).
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court