Matter of Barry V. v O'Keefe (2021 NY Slip Op 04717)





Matter of Barry V. v O'Keefe


2021 NY Slip Op 04717


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-04963
 (Index No. 3878/18)

[*1]In the Matter of Barry., respondent, 
v
Kathy O'Keefe, etc., appellant.


Letitia James, Attorney General, New York, NY (Steven C. Wu and Linda Fang of counsel), for appellant.
Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Laura Rothschild, and Dennis B. Feld of counsel), for respondent.
In a proceeding pursuant to CPLR article 78 in the nature of mandamus, in effect, to compel Kathy O'Keefe to instruct the petitioner's treatment team at Pilgrim Psychiatric Center to request that the hospital forensics committee convene to consider the petitioner's request for certain administrative privileges, Kathy O'Keefe appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated February 25, 2019. The order and judgment, insofar as appealed from, granted the petition and directed Kathy O'Keefe to instruct the petitioner's treatment team at Pilgrim Psychiatric Center to request that the hospital forensics committee convene to consider the petitioner's request for certain administrative privileges.



DECISION & ORDER
Motion by Mental Hygiene Legal Service, in effect, to abate the appeal upon the death of the petitioner on December 22, 2020. Cross motion by Kathy O'Keefe, inter alia, to vacate the order and judgment.
Upon the papers filed in support of the motion and the cross motion, and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion and the cross motion are granted; and it is further,
ORDERED that the appeal is dismissed, without costs or disbursements, the order and judgment is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for the
entry of an appropriate amended order and judgment, inter alia, dismissing the petition and the proceeding.
The petitioner was found not responsible for a crime by reason of mental disease or defect and was committed to the custody of the Office of Mental Health in accordance with Criminal Procedure Law § 330.20. He resided at Pilgrim Psychiatric Center (hereinafter PPC). In July 2018, the petitioner commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus, in effect, to compel Kathy O'Keefe, the Executive Director at PPC, to instruct the petitioner's treatment team to request that the hospital forensics committee at PPC convene to consider the petitioner's request for increased administrative privileges, which would permit him to leave his ward, but not the facility, without supervision from a PPC employee. In an order and judgment dated February 25, 2019, the Supreme Court, inter alia, granted the petition and directed O'Keefe to instruct the petitioner's treatment team to request that the hospital forensics committee convene to [*2]consider the petitioner's request for unescorted administrative privileges, in accordance with the procedures set forth in 14 NYCRR 541.9. O'Keefe appeals.
During the pendency of this appeal, the petitioner died. Since the petitioner's claim was personal in nature, the appeal abated upon his death and the issues raised were rendered academic (see CPLR 1015[a]; Matter of Paesch v Paesch, 70 NY2d 723).
"While it is the general policy of New York courts to simply dismiss an appeal which has been rendered academic, vacatur of an order or judgment on appeal may be an appropriate exercise of discretion where necessary 'in order to prevent a judgment which is unreviewable for mootness from spawning any legal consequences or precedent'" (Nautilus Capital, LLC v Rama Realty Assoc., LLC, 148 AD3d 817, 818, quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 718; see Matter of Adirondack Moose Riv. Comm. v Board of Black Riv. Regulating Dist., 301 NY 219, 223; E-Z Eating 41 Corp. v H.E. Newport L.L.C., 84 AD3d 401, 401-402; Funderburke v New York State Dept. of Civ. Serv., 49 AD3d 809, 811).
Under the particular circumstances of this case, we deem it appropriate to vacate the order and judgment. Pursuant to 14 NYCRR 541.9(b), the "hospital forensics committee shall meet within five calendar days of receipt of a request by the defendant's treatment team . . . that administrative privileges . . . be granted," and the treatment team "may" make this request "on its own initiative or at the request of the defendant or the defendant's representative." However, it does not require the treatment team to convey a defendant's request for administrative privileges to the hospital forensics committee, as the Supreme Court held (see generally People v Schonfeld, 74 NY2d 324, 328; Matter of Podolsky v Narnoc Corp., 196 AD2d 593, 594-595). Rather, under 14 NYCRR 541.9(b), a treatment team has the discretion to request that the hospital forensics committee convene to consider a request for administrative privileges (see People ex rel. Schreiner v Tekben, 160 Misc 2d 724 [Sup Ct, Orange County], affd 219 AD2d 609). Accordingly, we grant O'Keefe's cross motion, inter alia, to vacate the order and judgment dated February 25, 2019.
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court