TAL Props. of Pomona, LLC v Village of Pomona (2023 NY Slip Op 06157)

TAL Props. of Pomona, LLC v Village of Pomona

2023 NY Slip Op 06157

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-04391
 (Index No. 31216/17)

[*1]TAL Properties of Pomona, LLC, appellant,
v
Village of Pomona, et al., respondents.

Albert A. Levy, Spring Valley, NY (Daniel G. Ashburn, pro hac vice, of counsel), for appellant.
Feerick Nugent MacCartney, PLLC, South Nyack, NY (Brian D. Nugent of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that certain roads were the property of the defendant Village of Pomona, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Thomas J. Zugibe, J.), dated May 10, 2021. The judgment, insofar as appealed from, upon an amended order of the same court dated March 30, 2021, inter alia, granting the defendants' cross-motion to dismiss the complaint as academic, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff, TAL Properties of Pomona, LLC (hereinafter TAL), is the owner of certain parcels of real property abutting High Mountain Road and Overlook Road, in a subdivision located within the Village of Pomona. In 2017, TAL commenced this action against the Village and certain individual defendants (hereinafter collectively the Village defendants) for a declaratory judgment and related mandamus relief, alleging that High Mountain Road and portions of Overlook Road were the property of the Village.
After joinder of issue and some discovery, TAL moved, inter alia, for summary judgment on the complaint, which motion was denied. TAL then moved to compel discovery and the Village defendants cross-moved to dismiss the complaint as academic, based upon a resolution adopted by the Village Board of Trustees on July 13, 2020, accepting the subject roads as Village roads. By amended order dated March 30, 2021, the Supreme Court, inter alia, granted the cross-motion to dismiss the complaint as academic. Thereafter, judgment was entered, which, among other things, in effect, dismissed the complaint. TAL appeals.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "Courts are prohibited from rendering advisory opinions and 'an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment'" (Funderburke [*2]v New York State Dept. of Civ. Serv., 49 AD3d 809, 811, quoting Matter of Hearst Corp. v Clyne, 50 NY2d at 714).
Here, it is undisputed that the Village accepted ownership of the subject roads and the duties and responsibilities attendant thereto. Since TAL has received the relief it sought in the complaint, which did not include any request for damages or other forms of retrospective relief, "any determination we might make in this matter would have no direct effect on the rights of the parties before us" (Matter of Ruotolo v State of New York Div. of Hous. & Community Renewal, 211 AD3d 955, 957; see Funderburke v New York State Dept. of Civ. Serv., 49 AD3d at 811).
In light of our determination, the parties' remaining contentions concerning TAL's summary judgment motion are academic.
Accordingly, we affirm the judgment insofar as appealed from.
IANNACCI, J.P., GENOVESI, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court