Matter of Kennedy v Kos Media, LLC (2025 NY Slip Op 04904)

Matter of Kennedy v Kos Media, LLC

2025 NY Slip Op 04904

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES MCCORMACK, JJ.

2021-03700
2021-04476
 (Index No. 65319/20)

[*1]In the Matter of Robert F. Kennedy, Jr., respondent,
v
Kos Media, LLC, doing business as Daily Kos, appellant.

Charny & Wheeler P.C., Rhinebeck, NY (Nathaniel K. Charny of counsel), for appellant.
Boies Schiller Flexner LLP, New York, NY (Peter Skinner, Craig Wenner, and Ahson Azmat of counsel), for respondent.
Holland & Knight, New York, NY (Christine N. Walz of counsel), for amici curiae Reporters Committee for Freedom of the Press, E.W. Scripps Company, First Amendment Coalition, Media Institute, MediaNews Group, New York News Publishers Association, New York Public Radio, New York Times Company, Online News Association, Radio Television Digital News Association, Society of Professional Journalists, and Tully Center for Free Speech.
In a proceeding pursuant to CPLR 3102(c) to obtain pre-action disclosure, Kos Media, LLC, doing business as Daily Kos, appeals from (1) an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated April 16, 2021, and (2) an order of the same court dated June 7, 2021. The order dated April 16, 2021, insofar as appealed from, granted the petition and denied the motion of Kos Media, LLC, doing business as Daily Kos, pursuant to CPLR 3103(a) for a protective order. The order dated June 7, 2021, directed Kos Media, LLC, doing business as Daily Kos, to disclose certain information to the petitioner.

DECISION & ORDER
Motion by the petitioner to dismiss the appeals on the ground that they have been rendered academic. By decision and order on motion of this Court dated April 24, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion to dismiss the appeals on the ground that they have been rendered academic is granted; and it is further,
ORDERED that the appeals are dismissed, without costs or disbursements, and the orders dated April 16, 2021, and June 7, 2021, are vacated.
In November 2020, the petitioner commenced this proceeding pursuant to CPLR 3102(c) to obtain pre-action disclosure of the identity of an anonymous author who posted on a website of Kos Media, LLC, doing business as Daily Kos (hereinafter Kos Media). In an order dated April 16, 2021, the Supreme Court, inter alia, granted the petition. In an order dated June 7, 2021, the court directed Kos Media to disclose information relevant to identifying the anonymous author. Kos Media appeals from the orders dated April 16, 2021, and June 7, 2021. During the pendency of these appeals, the petitioner moved to dismiss the appeals on the ground that they have been rendered academic since he has independently obtained the identity of the anonymous author.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "Courts are prohibited from rendering advisory opinions and 'an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment'" (Funderburke v New York State Dept. of Civ. Serv., 49 AD3d 809, 811, quoting Matter of Hearst Corp. v Clyne, 50 NY2d at 714). Here, in light of the fact that the petitioner has already obtained the relief sought in the petition and no longer seeks enforcement of the orders, the rights of the parties would not be directly affected by a determination of these appeals, and no exception to the mootness doctrine applies (see Nautilus Capital, LLC v Rama Realty Assoc., LLC, 148 AD3d 817, 817; Funderburke v New York State Dept. of Civ. Serv., 49 AD3d at 811). Accordingly, we dismiss the appeals as academic.
"While it is the general policy of New York courts to simply dismiss an appeal which has been rendered academic, vacatur of an order or judgment on appeal may be an appropriate exercise of discretion where necessary 'in order to prevent a judgment which is unreviewable for mootness from spawning any legal consequences or precedent'" (Funderburke v New York State Dept. of Civ. Serv., 49 AD3d at 811, quoting Matter of Hearst Corp. v Clyne, 50 NY2d at 718). "'A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment'" (id. [alteration omitted], quoting Matter of Ruskin v Safir, 257 AD2d 268, 273). Here, under the circumstances of this case, we deem it appropriate to vacate the orders dated April 16, 2021, and June 7, 2021 (see Matter of Barry V. v O'Keefe, 197 AD3d 651, 653; Mizrahi v US Bank, N.A., 156 AD3d 618, 619).
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court