Matter of Goldenstein v New York City Dept. of Health & Mental Hygiene (2025 NY Slip Op 05810)

Matter of Goldenstein v New York City Dept. of Health & Mental Hygiene

2025 NY Slip Op 05810

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-02403
2022-02817
 (Index No. 85057/22)

[*1]In the Matter of Alexandra Goldenstein, etc., et al., respondents, 
v
New York City Department of Health and Mental Hygiene, et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Richard Dearing, Scott Shorr, and Elina Drucker of counsel), for appellants.
Law Offices of Michael Chessa PLLC (Walden Macht Haran & Williams LLP, New York, NY [Adam Cohen], of counsel), for respondents.
In a hybrid proceeding pursuant to CPLR article 78, in effect, to review so much of an order of the Commissioner of the New York City Department of Health and Mental Hygiene dated November 17, 2021, as required all children two years of age and older to wear a face covering while at a childcare program, and action, inter alia, for declaratory relief, the respondents/defendants appeal from (1) an order and judgment (one paper) of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated April 1, 2022, and (2) an order and judgment (one paper) of the same court dated April 6, 2022. The order and judgment dated April 1, 2022, inter alia, declared that so much of the order of the Commissioner of the New York City Department of Health and Mental Hygiene dated November 17, 2021, as pertained to children is arbitrary, capricious, and unreasonable. The order and judgment dated April 6, 2022, among other things, granted the petition and permanently enjoined the respondents/defendants from enforcing the order dated November 17, 2021.

DECISION & ORDER
Motion by the appellants to dismiss the appeals on the ground that the appeals have been rendered academic and to vacate the orders and judgments. By decision and order on motion of this Court dated June 24, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeals are dismissed as academic, without costs or disbursements, and the order and judgment of the Supreme Court, Richmond County, dated April 1, 2022, and the order and judgment of the same court dated April 6, 2022, are vacated.
In response to the public health crisis occasioned by the COVID-19 pandemic, the [*2]respondent/defendant Dave A. Choksi, as the Commissioner of the New York City Department of Health and Mental Hygiene (hereinafter the Commissioner), issued an order dated November 17, 2021, which, inter alia, required all staff members and children two years of age and older to wear a face covering while at a childcare program, with several exceptions relating to, among other things, the activities engaged in by the individual and the developmental needs of the specific child (hereinafter the November 17, 2021 mandate). In March 2022, the petitioners/plaintiffs (hereinafter the petitioners) commenced this hybrid proceeding against the respondents/defendants (hereinafter the appellants) pursuant to CPLR article 78, in effect, to review so much of the November 17, 2021 mandate as required all children two years of age and older to wear a face covering while at a childcare program, and action, inter alia, for declaratory relief. In an order and judgment dated April 1, 2022, the Supreme Court, among other things, declared that so much of the November 17, 2021 mandate as pertained to children is arbitrary, capricious, and unreasonable. In an order and judgment dated April 6, 2022, the court, inter alia, granted the petition and permanently enjoined the appellants from enforcing the November 17, 2021 mandate. In rendering its determination, the court conducted its own research and determined that the subject portion of the November 17, 2021 mandate was arbitrary, capricious, and unreasonable based upon its own conclusions regarding the health risks at issue and the efficacy of the November 17, 2021 mandate. This appeal ensued.
The November 17, 2021 mandate has been rescinded and, therefore, as conceded by all parties, the appeals have been rendered academic (see Matter of Generoso v Adams, 231 AD3d 723, 724; Matter of Ferrera v New York City Dept. of Educ., 230 AD3d 772, 774). Further, no exception to the mootness doctrine is claimed (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811; Matter of Ferrera v New York City Dept. of Education, 230 AD3d at 774). Accordingly, we grant that branch of the appellants' motion which is to dismiss the appeals as academic.
While it is the general policy of New York courts to simply dismiss an appeal which has been rendered academic, vacatur of an order or judgment on appeal may be an appropriate exercise of discretion where necessary "in order to prevent a judgment which is unreviewable for mootness from spawning any legal consequences or precedent" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 718; see Matter of Barry V. v O'Keefe, 197 AD3d 651, 653; Nautilus Capital, LLC v Rama Realty Assoc., LLC, 148 AD3d 817, 818; Markowits v Friedman, 144 AD3d 998, 998-999). Under the particular circumstances of this case, we deem it appropriate to vacate the orders and judgments. Judicial review of the November 17, 2021 mandate is limited to whether "it has a rational basis, that is, if it is not unreasonable, arbitrary or capricious" (Grossman v Baumgartner, 17 NY2d 345, 349; see C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 64). "[T]he courts will not substitute their judgment of a public health problem for that of eminently qualified physicians in the field of public health" (Grossman v Baumgartner, 17 NY2d at 350; see Garcia v New York City Dept. of Health & Mental Hygiene, 31 NY3d 601; C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52). "'The judicial function is exhausted with the discovery that the relation between means and end is not wholly vain and fanciful, an illusory pretense'" (Grossman v Baumgartner, 17 NY2d at 350, quoting Williams v Mayor, 289 US 36, 42).
The Supreme Court erred in conducting its own research and substituting its own factual findings regarding a public health problem for that of the agency empowered to regulate matters affecting health in New York City rather than limiting its review to the administrative record and the arguments raised by the parties (see Grossman v Baumgartner, 17 NY2d at 350; C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d at 64-65). Accordingly, we grant that branch of the appellants' motion which is to vacate the orders and judgments.
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court