Matter of Legal Aid Socy. v Queens County Dist. Attorney
2026 NY Slip Op 03805
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Legal Aid Society, etc., respondent,
v
Queens County District Attorney, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-06021, (Index No. 717690/23)
Betsy Barros, J.P.
Helen Voutsinas
Lourdes M. Ventura
Donna-Marie E. Golia, JJ.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Anastasia Spanakos, and Mariel A. Dumas Wenckebach of counsel; Miles Palminteri on the brief), appellant pro se.
Gibson, Dunn & Crutcher LLP, New York, NY (Randy Kreider of counsel), for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the Queens County District Attorney appeals from a judgment of the Supreme Court, Queens County (Laurentina S. McKetney Butler, J.), entered January 25, 2024. The judgment granted the petition to the extent of directing the production of certain unredacted records.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
"'It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal'" (Tomasino v Tomasino, 127 AD3d 1069, 1070, quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713; see Funderburke v New York State Dept. of Civ. Serv., 49 AD3d 809, 810-811). "'This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary'" (Tomasino v Tomasino, 127 AD3d at 1070, quoting Matter of Hearst Corp. v Clyne, 50 NY2d at 713-714).
Here, the petitioner made a request pursuant to the Freedom of Information Law (Public Officers Law art 6) to the Queens County District Attorney (hereinafter QCDA) for the disclosure of the names, addresses, and phone numbers of witnesses to a homicide investigation from the early 1990s that the petitioner's wrongful conviction unit was investigating. The QCDA produced the names of the witnesses, without their addresses or phone numbers. The petitioner then commenced this proceeding pursuant to CPLR article 78 to compel the disclosure of the address and phone number of one witness. In a judgment entered January 25, 2024, the Supreme Court granted the petition to the extent of directing the production of certain unredacted records. During the pendency of this appeal, the petitioner learned that the witness is deceased, and the petitioner is, therefore, no longer seeking the information. Thus, the matter has been rendered academic (see Nautilus Capital, LLC v Rama Realty Assoc., LLC, 148 AD3d 817, 817-818, citing Vigo v 501 [*2]Second St. Holding Corp., 121 AD3d 778).
Accordingly, the appeal must be dismissed as academic.
BARROS, J.P., VOUTSINAS, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court